**HAZELWOOD CHRONIC & CONVALESCENT HOSPITAL, INC., dba Kearney Street Convalescent Center, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, the United States of America and Blue Cross of Oregon, dba Northwest Hospital Service, Defendants.**

Civ. No. 73–210.

United States District Court,
D. Oregon.

May 30, 1978.

See also, 9 Cir., 543 F.2d 703.

**6.** Title I, § 3334.

Arden E. Shenker, Michael J. Gentry, Tooze, Kerr, Peterson, Marshall & Shenker, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., William Borgeson, Asst. U. S. Atty., Portland, Or., for defendants.

## OPINION

SOLOMON, District Judge:

Plaintiff, Hazelwood Chronic & Convalescent Hospital, Inc. (Hazelwood), a member of a Medicare reimbursement program, filed this action to challenge the constitutional and statutory validity of a regulation —20 C.F.R. § 405.415(d)(3). The regulation was promulgated by defendant Secretary of Health, Education and Welfare (the Secretary) and is enforced by the Secretary's agent, defendant Blue Cross of Oregon.

This action is dismissed for lack of subject matter jurisdiction.

### I

Title XVIII of the Social Security Act, which is the Medicare Act,[1] provides a system for reimbursing qualified individuals for part of the costs they incur for covered health care. The Medicare Act also authorizes payment to be made to providers of services on behalf of these individuals. The "providers of services" are reimbursed for their "reasonable costs" as defined by the Secretary. 42 U.S.C. §§ 1395x(u) and (v).

The Medicare Act authorizes the Secretary to contract with private organizations designated as "intermediaries" to compute and administer payments to providers of services. 42 U.S.C. § 1395h. Blue Cross Association contracted with the Secretary to act as the fiscal intermediary between Hazelwood and the Social Security Administration. Blue Cross Association then delegated its duties to Blue Cross of Oregon.

Blue Cross Association, under its contract with the Secretary, is required to establish and maintain a procedure, approved by the Secretary, to resolve disputes between it and the provider of services. Blue Cross Association established a Provider Appeals Committee to hear appeals by providers dissatisfied with the cost determinations of Blue Cross Association intermediaries. The Provider Appeals Committee reviews the reasonableness of a provider's claimed costs, but not the statutory or constitutional validity of the Secretary's regulations.

In 1967, Hazelwood, by contract with the Secretary, became a provider of services under the Medicare Act. In its claims for reimbursement, Hazelwood deducted depreciation charges as an item of reasonable cost. HEW regulations provided that such charges could be computed by either a straight-line or an accelerated depreciation method. Hazelwood used the accelerated depreciation method.

Beginning in August 1970, under a new regulation, new providers were no longer permitted to claim accelerated depreciation. Old providers could continue to use accelerated depreciation, but if they withdrew from the program, the Secretary could recapture prior payments to the extent they exceeded straight-line deductions.

In December 1971, Hazelwood withdrew from the Medicare program. Its excess costs attributable to accelerated depreciation were $18,054.00 from 1967 through 1970 (before the new regulation became effective), and $6,624.00 from 1970 through 1971.

In July 1972, Hazelwood rejoined the Medicare program. In early 1973, defendant Blue Cross of Oregon informed Hazelwood that under the new regulation—20 C.F.R. § 405.415(d)(3)—Hazelwood owed $24,678.00, which would be deducted in 9 monthly installments from amounts owed Hazelwood for current Medicare reimbursements.

### II

In March 1973, Hazelwood filed this action against Blue Cross of Oregon and the Secretary in his official capacity to contest the legality of the regulation. The Govern-

1. 42 U.S.C. § 1395 et seq.

ment conceded that it was unnecessary for Hazelwood to exhaust the administrative remedy provided by the Appeals Committee, which does not review the statutory or constitutional validity of the Secretary's regulations.

Hazelwood alleged that the Secretary had no authority to promulgate 20 C.F.R. § 405.-415(d)(3). Hazelwood sought a declaratory judgment and an injunction restraining the Secretary from applying the regulation to recoup the excess payments. In addition, Hazelwood alleged that retroactive application of the regulation violated Hazelwood's Fifth Amendment rights.

Hazelwood asserted that the District Court had subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331,[2] because its claims arose under the Constitution and the Medicare Act.

The Government contended that Section 1872 of the Medicare Act, 42 U.S.C. § 1395ii, expressly foreclosed Section 1331 as a basis for subject matter jurisdiction. I held that the Secretary was authorized by the Medicare Act to promulgate the new regulation on depreciation, but that Hazelwood was entitled to $18,054.00 because the regulation violated the Fifth Amendment to the extent that it authorized the recapture of reimbursements for depreciation charges made before 1970, the year in which the regulation was promulgated.

The Government appealed and in the Court of Appeals, the Government renewed its contention that Section 1872 of the Medicare Act precludes subject matter jurisdiction under 28 U.S.C. § 1331.

The Court of Appeals agreed, but found an implied grant of subject matter jurisdiction in the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706.

The Court of Appeals reversed the money judgment on the ground that the Secretary had authority under the Medicare Act to promulgate the regulation, and that retroactive application of the regulation did not violate the Constitution. *Hazelwood Chronic & Convalescent Hospital v. Weinberger,* 543 F.2d 703 (9th Cir. 1976).

Thereafter, the Supreme Court granted certiorari, vacated the judgment, and remanded the case, 430 U.S. 952, 97 S.Ct. 1595, 51 L.Ed.2d 801 (1977), for consideration in light of *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), a Social Security Act case in which the Supreme Court held that the Administrative Procedure Act is not a basis of subject matter jurisdiction to review a decision of the Secretary.

The Court of Appeals remanded the case to the District Court. 556 F.2d 981 (1977).

Hazelwood now contends:

(1) the Court has subject matter jurisdiction under 28 U.S.C. § 1331; and

(2) the Court has subject matter jurisdiction under the Administrative Procedure Act; and

(3) the Court is not bound by the decision of the Court of Appeals on the validity of the regulation.

### III

1. *Jurisdiction under 28 U.S.C. § 1331*

Section 1872[3] of the Medicare Act incorporates by reference Section 405(h) of Title 42.[4] Section 405(h) provides:

"The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency

---

**2.** 28 U.S.C. § 1331(a) provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy . . . arises under the Constitution, laws, or treaties of the United States. . . ."

**3.** 42 U.S.C. § 1395ii. This provides:

"The provisions of sections 406 and 416(j) of this title, and of subsections (a), (d), (e), (f), (h), (i), (j), (k) and (*l*) of section 405 of this title, shall also apply with respect [to the Medicare Act] to the same extent as they are applicable to [Title II of the Social Security Act] . . . ."

**4.** Section 205(h) of the Social Security Act.

except as herein provided. *No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter.*" (Emphasis added).

In 1939, when Section 405(h) was enacted, "Section 41 of Title 28" included the federal question statute, which in 1948 was recodified as 28 U.S.C. § 1331.

In *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court held that federal district courts lack jurisdiction under Section 1331 to hear challenges under the Social Security Act.

In *Weinberger v. Salfi, supra,* a widow filed an action in district court against the Secretary, HEW and the Social Security Administration. She challenged the constitutionality of the duration-of-relationship requirements of the Social Security Act, which entitle a "widow" to benefits only if married to the deceased for more than 9 months before his death. The Supreme Court concluded that Section 405(h) precluded subject matter jurisdiction under 28 U.S.C. § 1331 but found an alternative basis of subject matter jurisdiction under Section 205(g) of the Social Security Act.

Hazelwood contends that under *Weinberger v. Salfi,* Section 405(h) precludes subject matter jurisdiction under Section 1331 only when the Social Security Act provides an alternative avenue to judicial review.

The language of Section 405(h), which bars all actions based on "Section 41 of Title 28," does not support this contention. In addition, Hazelwood does have an alternate avenue in an action in the Court of Claims.

Recently the Second Circuit Court of Appeals in *South Windsor Convalescent Home, Inc. v. Mathews,* 541 F.2d 910 (1976) considered an identical challenge to the Secretary's new regulation on depreciation. The Court ordered the district court to dismiss a provider's Section 1331 action for lack of subject matter jurisdiction.

The Second Circuit rejected the provider's contention that dismissal denied the provider judicial review. The Court explained that Section 405(h), which precludes "Section 41 of Title 28" as a basis of subject matter jurisdiction, did not bar an action in the Court of Claims under 28 U.S.C. § 1491. When Section 405(h) was enacted, "Section 41 of Title 28" included Section 1331 but not Section 1491.[5] Section 1491 provides:

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department . . . .."

I therefore hold that this Court does not have jurisdiction under 28 U.S.C. § 1331.

2. *Jurisdiction under the Administrative Procedure Act*

The same analysis which leads to a rejection of 28 U.S.C. § 1331 as a basis of subject matter jurisdiction compels the rejection of Hazelwood's contention that Section 10 of the Administrative Procedure Act is a basis of subject matter jurisdiction.

Hazelwood attempts to limit *Califano v. Sanders, supra,* to cases in which there is an alternate avenue to judicial review. Even if that were true, here there is an alternate avenue—an action in the Court of Claims.

3. *Congress Intended to Preclude Review*

Hazelwood contends that Congress did not intend to preclude federal district court review of provider reimbursement disputes.

The legislative history of Section 1872 of the Medicare Act does not support this contention. Both the House and Senate reports on the Medicare Act show that Congress intended to limit the jurisdiction of the district courts to reviewing decisions of the Secretary on the eligibility of providers to participate in the Medicare program.[6] In

---

5. The predecessor of 28 U.S.C. § 1491 was "Section 250 of Title 28" (1940).

6. H.Rep.No. 213, 89th Cong., 1st Sess. 46 (1965); S.Rep.No. 404, 89th Cong., 1st Sess. 52–55 *reprinted in* [1965], U.S.Code Cong. &

Section 1869 of the Medicare Act,[7] Congress gave a limited grant of jurisdiction to federal district courts to review such decisions.

### IV

Hazelwood also argues that, if this Court has subject matter jurisdiction, it is not bound by the decision of the Court of Appeals sustaining the regulation. I do not reach this issue.

Plaintiff's action is dismissed for lack of subject matter jurisdiction.

---

Admin. News, p. 1943. In an amendment effective for cost accounting years ending on or after June 1973, Congress provided for limited district court review of provider reimbursement disputes. 86 Stat. 1420, 42 U.S.C. § 1395oo. Congress believed that there was no statute which specifically provided for review

of these disputes. H.Conf.Rep.No. 92–1605, 92nd Cong., 2nd Sess. 55 reprinted in [1972]. U.S.Code Cong. & Admin. News, p. 4989.

**7.** 42 U.S.C. § 1395ff(c). See S.Rep.No. 404, 89th Cong., 1st Sess. 191 (1965).