YAVAPAI–PRESCOTT INDIAN TRIBE, Petitioner,

v.

James G. WATT, as Secretary of the Interior, et al., Respondents.

No. CIV 80–464 PCT CLH.

United States District Court,
D. Arizona.

Dec. 21, 1981.

Philip E. Toci, Toci, Murphy & Beck, Prescott, Ariz., for petitioner.

George B. Nielsen, Jr., Asst. U. S. Atty., Phoenix, Ariz., for U. S.

Thomas J. Reilly, Snell & Wilmer, Phoenix, Ariz., for Marlin D. Kuykendall.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

Two questions have been presented to the Court:

1. Does this Court have subject-matter jurisdiction of an appeal from a ruling of the Interior Board of Indian Appeals (the Board)? It does.

2. Was the Board correct in ruling that a lease of Indian trust lands for business purposes pursuant to 25 U.S.C. § 415 (1976) could not be cancelled without the approval of the Secretary of Interior?[1] It was not.

## STATEMENT OF FACTS

In 1969 the Yavapai-Prescott Indian Tribe (the Tribe)[2], as lessor, and Marlin D. Kuykendall, as lessee, entered into a lease agreement for approximately 2.06 acres of land which was to be used for an automobile dealership and service station for a term of 25 years, with an option to renew for an additional term of 25 years. The lease recited that it was made "under the provisions of the Act of August 9, 1955 (69 Stat. 539)[3] as implemented by Part 131, Leasing and Permitting, of the Code of Federal Regulations, Title 25-Indians, and any amendments thereto." Article 19 of the lease provides in part, "[T]he Lessee shall not sublease . . . without the prior written approval of the Lessor [and] the Secre-

---

1. The BIA's opinion is reported at 8 IBIA 76.

2. In fact, the lessor is described as "the Yavapai-Prescott Community Association". The Court assumes that it is an agency of the Tribe.

In any event no question has been raised about this disparity.

3. 25 U.S.C. § 415.

tary [of the Interior] and...no such sublease...shall be valid or binding without such approval.... Should the Lessee attempt to make any such sublease...such action shall be deemed a breach of this lease...." Article 30 provides in part:

"...should Lessee default in any payment of moneys...or should Lessee breach any other covenant of this lease, and if such breach shall continue uncured for a period of sixty (60) days after written notice thereof by the Lessor or the Secretary to Lessee,...then Lessor and/or the Secretary may [terminate the lease]."

The lease was approved by the Secretary of Interior acting through an authorized agent.

In March 1979 Kuykendall entered into an agreement with a partnership for the sale of his dealership and a sublease of the premises. On April 6th the Tribe informed Kuykendall the sublease was disapproved and notified him that the sublease was a breach of the lease. He was also informed that, to cure the breach, he must remove the partnership from the premises and retake the dealership himself. This was not done, and on June 27, 1979 Kuykendall was informed by a tribal attorney that his lease with the Tribe was terminated. The Secretary of the Interior did not participate in the cancellation of the lease.

In August of 1979, Kuykendall requested the Area Director of the Bureau of Indian Affairs to intervene to prevent the Tribe from cancelling the lease. The Area Director refused to intervene, ruling that the tribe had the authority to cancel the lease, and an administrative appeal was taken to the Board pursuant to 25 CFR 2.19. The Board ruled in favor of Kuykendall, holding that, notwithstanding the provisions of the lease, it could be terminated only by the Secretary pursuant to the provisions of 25 CFR § 131.14. The Tribe has filed this action pursuant to the Administrative Procedure Act (5 U.S.C. § 701 et seq.) to review the Board's decision.

## SUBJECT MATTER JURISDICTION

██ The parties agree that if this Court has jurisdiction of this action, it is derived from 28 U.S.C. § 1331, which confers jurisdiction of a civil action which "arises under the Constitution, laws, or treaties of the United States". Kuykendall argues that whether the Tribe may unilaterally cancel the lease "*depends* not upon an interpretation of the Constitution, laws, or treaties of the United States but an interpretation of the *Lease*" (emphasis by Kuykendall) and that "[T]here is no claim in the Complaint that the Board's interpretation of the Lease is contrary to the Constitution, laws, or treaties of the United States." Motion to Dismiss at 6–7. However, this case involves not only an interpretation of the lease but also the question whether the lease could be terminated by the Tribe unilaterally, without any action on the part of the Secretary. Resolution of the latter issue involves the interrelationship of the lease, the federal regulations and the powers conferred on the Secretary of Interior by 25 U.S.C. § 415. Furthermore, 28 U.S.C. § 1331 confers jurisdiction on Federal Courts to review agency action. *Andrus v. Charlstone Stone Prod. Co.*, 436 U.S. 604, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978) and *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

## TRIBE'S AUTHORITY TO CANCEL LEASE

Restricted Indian lands may be leased by the Indian owners, with the approval of the Secretary of Interior, for business purposes, and "all leases and renewals shall be made under such terms and regulations as may be prescribed by the Secretary of the Interior." 25 U.S.C. § 415(a). The Secretary has promulgated regulations relating to the leasing of lands which are held in trust for individual Indians or tribes or are subject to federal restrictions against alienation or encumbrance. 25 CFR § 131.1 et seq. Section 131.14 provides a procedure to be followed by the Secretary in the event that there has been a violation of a lease. The Board concluded that the procedure prescribed by

Section 131.14 had to be followed in order to cancel Kuykendall's lease. In this Court's opinion, the Board's ruling is based upon a misapprehension of the meaning of "all leases and renewals shall be made under such terms and regulations as may be prescribed by the Secretary of the Interior" in 25 U.S.C. § 415(a).

Among the powers delegated to the Secretary of the Interior by Congress is the management of all Indian affairs. See 25 U.S.C. § 2. The statute authorizing leases of restricted Indian lands for business purposes, 25 U.S.C. § 415, specifically requires that any lease have the approval of the Secretary and that it "shall be made under such terms and regulations as may be prescribed by the Secretary." In this case the Secretary gave his approval, and the lease recited that it was under the provisions of the Act as implemented by Part 131 of the Code of Federal Regulations, Title 25.

■ Part 131 of Title 25 of the Code of Federal Regulations does not purport to specify in detail the provisions to be included in any lease of Indian lands, and CFR § 131.14 does not purport to specify an exclusive method for cancelling leases. It simply establishes a procedure whereby the Secretary *may* cancel a lease upon a showing satisfactory to him that there has been a violation of the lease.

Pursuant to his statutory authority, the Secretary has imposed certain terms upon the lease in question. Among them are that lease payments be made to the Secretary (Art. 7); in the event of a percentage rental, annual accountings are to be made to the Tribe and the Secretary (Art. 8); any plans for the development of the leased property must be approved by the Tribe and the Secretary (Art. 10); prior written consent of the lessor and the Secretary is required before a lessee may make any alteration, addition or remodeling of improvements involving an expenditure in excess of $10,000 (Art. 12); certain required bonds must be deposited with the Secretary (Arts. 16 and 27); joint approval by the Tribe and the Secretary is required of building loan agreements, subleases and encumbrancing

(Arts. 17, 19 and 22); and provisions made for joint inspection of the leased premises by the Tribe and the Secretary (Art. 41). The Board felt that the foregoing provisions refuted any contention that "the use of the words 'and/or' in Clause 30 constituted a delegation of Secretarial authority to administer leased trust property contrary to Departmental regulations." 8 IBIA at 86.

■ There is nothing in the Federal Statutes which authorizes the Secretary to terminate a lease of Indian land. However that power is inherent in the powers delegated to him by Congress to supervise the public business of Indian tribes, 43 U.S.C. § 1457, and to manage all Indian affairs, 25 U.S.C. § 2. See *Udall v. Littell,* 366 F.2d 668, *cert. denied,* 385 U.S. 1007, 87 S.Ct. 713, 17 L.Ed.2d 545 (1962). While that power is necessary to enable him to carry out the duties with which he is charged by law, there is nothing to suggest that it is a power exclusively his, which cannot be exercised by anyone else.

■■ Section 415 does not authorize the Secretary to enter into leases of restricted Indian lands for business purposes in behalf of the Indian owners. It provides that the lands "may be leased by the Indian owners," that is, the Indians may negotiate for leases subject only to the inclusion in any lease of "such terms and regulations as may be prescribed by the Secretary" and to his approval of the lease. Nothing in CFR § 131.14 suggests that the Secretary has required that he concur in any decision to cancel a lease because of the lessee's default. Significantly, Article 23 of the lease provides in part, "In the event Lessor terminates this lease. . . ." That language clearly indicates that the Secretary did not reserve to himself the exclusive right to cancel a lease because of the lessee's default or an intent that any cancellation was to be performed jointly by the Tribe and the Secretary. To the extent that that portion of Article 30 of the lease, which authorizes the tribe to enforce a cancellation, conflicts with 25 CFR § 131.14, the Secretary's approval of the lease has the effect of suspending or superseding the regulation.

*Whitebird v. Eagle-Picher Co.*, 258 F.Supp. 308 (N.D.Okla.1966), *Aff'd. on other grounds*, 390 F.2d 831 (1968).

IT IS ORDERED as follows:

1. Denying the respondent Marlin D. Kuykendall's motion to dismiss for lack of subject matter jurisdiction.

2. Denying the motions for summary judgment of the respondent Marlin D. Kuykendall and the federal defendants.

3. Granting the petitioner Tribe's motion for summary judgment.

4. Reversing the decision of the Board.