Hester HENSLEY, Plaintiff,

v.

Richard S. SCHWEIKER, etc.,
Defendant.

No. CIV-2-81-116.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Jan. 27, 1982.

On Motion for Leave to Appeal
Feb. 22, 1982.

Robert L. Randall, Jr. and James E. Stevens, Greeneville, Tenn., for plaintiff.

Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ This is a judicial review of the denial by the defendant of the claim of the plaintiff for disability health insurance benefits under the Social Security Act. She sought to invoke this Court's limited jurisdiction under the provisions of 42 U.S.C. § 405(g).

Such jurisdiction is lacking, and this action must be dismissed. Rule 12(b)(1), (h)(3), Federal Rules of Civil Procedure. Judicial review under 42 U.S.C. § 405(g), *supra,* is plainly limited to a " * * * final decision of the Secretary made after a hearing * * *." No such final decision after a hearing has been made herein.

The plaintiff commenced this action " * * * to review the decision of the Administrative Law Judge Harry P. Rowlett, on April 8, 1981, in declining and refusing to re-open [sic] the plaintiff's claim for Social Security Disability insurance benefits. * * *" Complaint ¶ 2. Absent a constitutional claim, (and none is made herein), the refusal of the administrative judge to reopen the plaintiff's claim is not a " * * * final decision of the Secretary made after a hearing. * * *" That being so, this Court lacks jurisdiction of the subject-matter hereof, and it is precluded from reviewing the administrative decision of the Secretary, denying the request of the plaintiff for a hearing. *Califano v. Sanders* (1977), 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192.*

---

* The Court stated in pertinent part in *Sanders* as follows:

\* \* \* \* \* \*

We * * * agree that § 205(g) [42 U.S.C. § 405(g)] cannot be read to authorize judi-cial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.

\* \* \* \* \* \*

68

Upon motion of the defendant, this action hereby is

DISMISSED for lack of the Court's jurisdiction of the subject-matter. Rule 12(b)(1), (h)(3), Federal Rules of Civil Procedure.

## ON MOTION FOR LEAVE TO APPEAL

 The plaintiff was permitted to proceed herein in forma pauperis. Order herein of June 9, 1981. Accordingly, she " * * * may proceed on appeal in forma pauperis without further authorization * * *," this Court having made no certification that the appeal is not taken in good faith or that the plaintiff is otherwise not entitled so to proceed. Rule 24(a), Federal Rules of Appellate Procedure.

The motion of the plaintiff for leave to appeal herein in forma pauperis is unnecessary and, for such reason, is not considered by the Court.

* * * [T]he opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidence in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*   *   *   *   *   *

*Ibid.,* 430 U.S. at 107–108, 97 S.Ct. at 985–986.