CALIFANO, SECRETARY OF HEALTH, EDUCATION, AND WELFARE *v.* SANDERS

No. 75-1443.   Argued January 11-12, 1977—Decided February 23, 1977

BRENNAN, J., delivered the opinion of the Court, in which WHITE, MARSHALL, BLACKMUN, POWELL, and REHNQUIST, JJ., joined. STEWART, J., filed an opinion concurring in the judgment, in which BURGER, C. J., joined, *post*, p. 109. STEVENS, J., took no part in the consideration or decision of the case.

*Maurice Rosenberg* argued the cause for petitioner.   With

him on the briefs were *Solicitor General Bork, Assistant Attorney General Lee, Deputy Solicitor General Jones,* and *Robert E. Kopp.*

*William A. Kowalski* argued the cause and filed a brief for respondent.\*

MR. JUSTICE BRENNAN delivered the opinion of the Court.

The questions for decision are (1) whether § 10 of the Administrative Procedure Act, 5 U. S. C. §§ 701–706,[1] is an

---

\**Dennis M. Sweeney* filed a brief for the Administrative Law Center, Legal Aid Bureau, Inc., as *amicus curiae* urging reversal.

[1] The pertinent provisions of § 10, as codified in 5 U. S. C. §§ 701–704, are the following:

"§ 701. Application; definitions.

"(a) This chapter applies, according to the provisions thereof, except to the extent that—

"(1) statutes preclude judicial review; or

"(2) agency action is committed to agency discretion by law."

"§ 702. Right of review.

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

"§ 703. Form and venue of proceeding.

"The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement." (Sections 702 and 703 were amended by Pub. L. 94–574, 90 Stat. 2721, in respects to be discussed *infra,* at 105–107, insofar as it modifies the scope of jurisdiction under 28 U. S. C. § 1331.)

"§ 704. Actions reviewable.

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling

independent grant to district courts of subject-matter jurisdiction to review a decision of the Secretary of Health, Education, and Welfare not to reopen a previously adjudicated claim for social security benefits and (2), if not, whether § 205 (g) of the Social Security Act [2] authorizes judicial review of the Secretary's decision.

## I

Title II of the Social Security Act provides disability benefits for a claimant who demonstrates that he suffers a physical or mental disability within the meaning of the Act and that the disability arose prior to the expiration of his insured status. 42 U. S. C. §§ 416 (i), 423. The administrative process is begun when he files a claim with the Social Security Administration. 20 CFR §§ 404.905–404.907 (1976). If the claim is administratively denied, regulations permit administrative reconsideration within a six-month period. §§ 404.909–404.915. Should a request for reconsideration prove unsuccessful, the claimant may, within 60 days, ask for an evidentiary hearing before an administrative law judge, 42 U. S. C. § 405 (b) (1970 ed., Supp. V), and a discretionary appeal from an adverse determination of the law judge lies to the Appeals Council. 20 CFR §§ 404.945–404.947

not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsiderations, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority."

[2] Section 205 (g) of the Social Security Act, 49 Stat. 620, as added and amended, 42 U. S. C. § 405 (g), provides in pertinent part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . ."

(1976). Finally § 205 (g) of the Act, 42 U. S. C. § 405 (g), authorizes federal judicial review of "any final decision of the Secretary made after a hearing to which [the claimant] was a party . . . ."

The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the Secretary, to assist in the original processing of the more than 7,600,000 claims filed annually with the Administration. See Social Security Administration, The Year in Review—The Administration of Social Security Programs 1975, p. 54 (1976). By regulation, however, the administrative scheme provides for additional consideration of the claim. This is in the form of regulations for reopening of the agency determination within specified time limits after the date of initial determination: 12 months as a matter of right and four years "upon a finding of good cause," which exists if new material evidence is provided or specific errors are discovered. 20 CFR §§ 404.957 (a), (b), 404.958 (1976). Moreover, the regulations permit reopening "[a]t any time" for the purpose of correcting clerical errors or errors on the face of relevant evidence. § 404.957 (c)(8).

On January 30, 1964, respondent filed his initial claim with the agency for disability payments and disability insurance benefits, alleging inability to work because of epilepsy and blackout spells. The claim proceeded through the several steps of the administrative procedures. An Administrative Law Judge found that respondent was ineligible for benefits on the ground that he had not demonstrated a relevant disability of sufficient severity. The Appeals Council, in June 1966, sustained this decision, and respondent did not pursue judicial review of the Secretary's final decision under § 205 (g).

Almost seven years later, on March 5, 1973, respondent filed a second claim alleging the same bases for eligibility. His claim was again processed through administrative channels under the Secretary's regulations. The Administrative Law

Judge viewed the new application as barred by res judicata, see 20 CFR § 404.937 (1976), but also treated the application as requiring the determination "whether the claimant is entitled to have his prior application reopened . . . ." App. 33–34. Concluding that respondent's evidence was "merely rep[e]titio[u]s and cumulative," id., at 35, and finding no errors on the face of the evidence, ibid., the Administrative Law Judge denied reopening and dismissed the claim.

Respondent thereupon filed this action in the District Court for the Northern District of Indiana, challenging the Secretary's decision not to reopen, and resting jurisdiction on § 205 (g), 42 U. S. C. § 405 (g). The District Court dismissed the complaint on the ground stated in its unpublished memorandum that "this court is without jurisdiction to consider the subject matter of this suit." Pet. for Cert. 13a–14a. The Court of Appeals for the Seventh Circuit reversed. Sanders. v. Weinberger, 522 F. 2d 1167 (1975). The Court of Appeals agreed that jurisdiction to review a refusal to reopen a claim proceeding on the ground of abuse of discretion was not authorized by the Social Security Act. Id., at 1169. The court held, however, that § 205 (h) [3] did not limit judicial review to those methods "expressly authorize[d]" by the Social Security Act itself. Therefore, the Court of Appeals con-

---

[3] Section 205 (h) of the Social Security Act, 42 U. S. C. § 405 (h), provides:

"The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§ 1331 et seq.] of Title 28 to recover on any claim arising under this subchapter."

This section has been held to require the exhaustion of available administrative procedures, to foreclose jurisdiction under the general grant of federal-question jurisdiction, 28 U. S. C. § 1331, and to route review through § 205 (g). See Weinberger v. Salfi, 422 U. S. 749, 757, 761 (1975).

cluded that § 10 of the Administrative Procedure Act (APA), which "contains an independent grant of subject-matter jurisdiction, without regard to the amount in controversy," afforded the District Court jurisdiction of respondent's complaint. 522 F. 2d, at 1169. We granted certiorari *sub nom. Mathews* v. *Sanders,* 426 U. S. 905 (1976). We reverse.

## II

### A

The Court of Appeals acknowledged that its construction of § 10 of the APA as an independent grant of subject-matter jurisdiction is contrary to the conclusion reached by several other Courts of Appeals. 522 F. 2d, at 1169. This conflict is understandable. None of the codified statutory sections that constitute § 10 is phrased like the usual grant of jurisdiction to proceed in the federal courts. On the other hand, the statute undoubtedly evinces Congress' intention and understanding that judicial review should be widely available to challenge the actions of federal administrative officials. Consequently, courts [4] and commentators [5] have sharply divided

---

[4] The Courts of Appeals for the First, Fourth, Fifth, Seventh, Ninth, Tenth, and District of Columbia Circuits have held that § 10 of the APA is an independent grant of jurisdiction. See *Bradley* v. *Weinberger,* 483 F. 2d 410 (CA1 1973); *Deering Milliken, Inc.* v. *Johnston,* 295 F. 2d 856 (CA4 1961); *Ortego* v. *Weinberger,* 516 F. 2d 1005 (CA5 1975); *Sanders* v. *Weinberger,* 522 F. 2d 1167 (CA7 1975) (case below); *Brandt* v. *Hickel,* 427 F. 2d 53 (CA9 1970); *Brennan* v. *Udall,* 379 F. 2d 803 (CA10 1967); *Pickus* v. *United States Board of Parole,* 165 U. S. App. D. C. 284, 507 F. 2d 1107 (1974). The Courts of Appeals for the Third, Sixth, and Eighth Circuits disagree. *Zimmerman* v. *United States,* 422 F. 2d 326 (CA3 1970); *Bramblett* v. *Desobry,* 490 F. 2d 405 (CA6 1974); *Twin Cities Chippewa Tribal Council* v. *Minnesota Chippewa Tribe,* 370 F. 2d 529 (CA8 1967). The Court of Appeals for the Second Circuit views the question as unsettled. See *South Windsor Convalescent Home, Inc.* v. *Mathews,* 541 F. 2d 910 (1976).

[5] Compare, *e. g.,* Byse & Fiocca, Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Admin-

over whether the statute should be read to provide a distinct basis of jurisdiction for the review of agency actions. Three decisions of this Court arguably have assumed, with little discussion, that the APA is an independent grant of subject-matter jurisdiction. See *Citizens to Preserve Overton Park* v. *Volpe*, 401 U. S. 402, 410 (1971); *Abbott Laboratories* v. *Gardner*, 387 U. S. 136, 141 (1967); *Rusk* v. *Cort*, 369 U. S. 367, 372 (1962). However, an Act of Congress enacted since our grant of certiorari in this case now persuades us that the better view is that the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions.

On October 21, 1976, Congress enacted Pub. L. 94–574, 90 Stat. 2721, which amends 28 U. S. C. § 1331 (a) to eliminate the requirement of a specified amount in controversy as a prerequisite to the maintenance of "any [§ 1331] action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity." The obvious effect of this modification, subject only to preclusion-of-review statutes created or retained by Congress, is to confer jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate. We conclude that this amendment now largely undercuts the rationale for interpreting the APA as an independent jurisdictional provision.

As noted previously, the actual text of § 10 of the APA nowhere contains an explicit grant of jurisdiction to challenge

istrative Action, 81 Harv. L. Rev. 308 (1967), K. Davis, Administrative Law Treatise § 23.02 (Supp. 1976), and L. Jaffe, Judicial Control of Administrative Action 165 (1965) (all advocating APA jurisdiction), with Cramton, Nonstatutory Review of Federal Administrative Action: The Need for Statutory Reform of Sovereign Immunity, Subject Matter Jurisdiction, and Parties Defendant, 68 Mich. L. Rev. 389 (1970), and C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3568 (1975) (rejecting APA jurisdiction).

agency action in the federal courts.[6] Furthermore, even the advocates of jurisdiction under the APA acknowledge that there is no basis for concluding that Congress, in enacting § 10 of the APA, actually conceived of the Act in jurisdictional terms. See, *e. g.,* Byse & Fiocca, *supra,* n. 5, at 328. Thus, the argument in favor of APA jurisdiction rests exclusively on the broad policy consideration that, given the shortcomings of federal mandamus jurisdiction, such a construction is warranted by the rational policy of affording federal judicial review of actions by federal officials acting pursuant to federal law, notwithstanding the absence of the requisite jurisdictional amount. See *id.,* at 330–331; Jaffe, *supra,* n. 5, at 165. We do not find this argument to be compelling in light of Congress' apparent intention by the 1976 amendment to restructure afresh the scope of federal-question jurisdiction.

In amending § 1331, Congress obviously has expressly acted to fill the jurisdictional void created by the pre-existing amount-in-controversy requirement. This new jurisdictional grant was qualified, however, by the retention of § 205 (h) as preclusive of actions such as this that arise under the Social Security Act. Read together, the expansion of § 1331, coupled with the retention of § 205 (h), apparently expresses Congress' view of the desired contours of federal-question jurisdiction over agency action. A broad reading of the APA in this instance would serve no purpose other than to modify Congress' new jurisdictional enactment by overriding its decision to limit § 1331 through the preservation of § 205 (h). Squarely faced with the question of APA jurisdiction for the

---

[6] Title 5 U. S. C. § 702 makes clear that a person wronged by agency action "is entitled to judicial review thereof." But § 703 suggests that this language was not intended as an independent jurisdictional foundation, since such judicial review is to proceed "in a court specified by statute" or "in a court of competent jurisdiction." Both of these clauses seem to look to outside sources of jurisdictional authority. Thus, at best, the text of § 10 is ambiguous in providing a separate grant of subject-matter jurisdiction.

first time, Congress' explicit entry into the jurisdictional area counsels against our reading the APA as an implied jurisdictional grant designed solely to fill such an interstitial gap in § 1331 jurisdiction. This is particularly so since neither the text nor the history of the APA speaks in favor of such a reading, and the 1976 Congress, in redefining § 1331, appears not to have envisioned the APA as playing any such stopgap role.[7]

We thus conclude that the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action.

### B

Respondent contends that notwithstanding the above, the Social Security Act itself, specifically § 205 (g), should be construed to authorize judicial review of a final decision of the Secretary not to reopen a claim of benefits. All Courts of Appeals that have considered this contention have rejected it.[8] We also agree that § 205 (g) cannot be read to authorize

---

[7] Respondent argues that Congress intended its modification of § 1331 to be supplementary to the APA, and, therefore, contemplated that the APA would remain as a distinct jurisdictional provision. But the contrary seems true, for the legislative history suggests that Congress believed that the APA does not confer jurisdiction over administrative action, and, therefore, deletion of the jurisdictional amount from § 1331 was warranted. This understanding was made explicit by the Senate Judiciary Committee: "An anomaly in Federal jurisdiction *prevents* an otherwise competent United States district court from hearing certain cases seeking '*nonstatutory*' *review of Federal administrative action*, absent the jurisdictional amount in controversy required by 28 U. S. C. section 1331, the general 'Federal question' provision. These cases 'arise under' the Federal Constitution or Federal statutes, and the committee believes they are appropriate matters for the exercise of Federal judicial power regardless of the monetary amount involved." S. Rep. No. 94–996, p. 12 (1976) (emphasis supplied); see H. R. Rep. No. 94–1656, p. 13 (1976).

[8] See *Cappadora* v. *Celebrezze,* 356 F. 2d 1, 4–5 (CA2 1966); *Davis* v. *Richardson,* 460 F. 2d 772, 775 (CA3 1972); *Ortego* v. *Weinberger,* 516 F. 2d, at 1007–1008; *Maddox* v. *Richardson,* 464 F. 2d 617, 621 (CA6 1972); *Stuckey* v. *Weinberger,* 488 F. 2d 904, 909 (CA9 1973); *Neighbors*

judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.

The pertinent part of § 205 (g) provides:

> "Any individual, after any *final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . ." (Emphasis supplied.)

This provision clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing." But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205 (b), 42 U. S. C. § 405 (b) (1970 ed., Supp. V); see *Cappadora* v. *Celebrezze,* 356 F. 2d 1, 4 (CA2 1966); *Ortego* v. *Weinberger,* 516 F. 2d 1005, 1007 (CA5 1975). Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205 (g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

Respondent argues, however, that *Weinberger* v. *Salfi,* 422 U. S. 749 (1975), and *Mathews* v. *Eldridge,* 424 U. S. 319 (1976), have rejected this interpretation of § 205 (g). We do not agree. It is true that both cases authorized judicial

---

v. *Secretary of Health, Education, and Welfare,* 511 F. 2d 80, 81 (CA10 1974).

review under § 205 (g) of the Secretary's decision to deny or discontinue social security benefits notwithstanding the absence of a prior § 205 (b) hearing. In both instances, however, the claimants challenged the Secretary's decisions on constitutional grounds. Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions. Furthermore, since federal-question jurisdiction under 28 U. S. C. § 1331 is precluded by § 205 (h), *Weinberger* v. *Salfi, supra,* at 761, a decision denying § 205 (g) jurisdiction in *Salfi* or *Eldridge* would effectively have closed the federal forum to the adjudication of colorable constitutional claims. Thus those cases merely adhered to the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by " 'clear and convincing' " evidence. 422 U. S., at 762; *Johnson* v. *Robison,* 415 U. S. 361, 366–367 (1974).

This is not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds. Respondent seeks only an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits. Therefore, § 205 (g) does not afford subject-matter jurisdiction in this case.

*Reversed.*

MR. JUSTICE STEVENS took no part in the consideration or decision of this case.

MR. JUSTICE STEWART, with whom THE CHIEF JUSTICE joins, concurring in the judgment.

I agree with the Court that Sanders cannot seek judicial review of the Secretary's refusal to reopen a final decision

denying social security benefits. I arrive at that conclusion, however, by a somewhat shorter route.

Section 205 (h) of the Social Security Act, 42 U. S. C. § 405 (h), states in full:

"The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§ 1331 *et seq.*] of Title 28 to recover on any claim arising under this subchapter."

It is clear that the determination not to reopen the prior decision denying benefits to Sanders was a "findin[g] of fact or decision of the Secretary." The conclusion is thus inescapable, as I see it, that the administrative decision before us is not to "be reviewed by any person, tribunal, or governmental agency except as herein provided"—that is, except as the Social Security Act itself, specifically in § 205 (g), 42 U. S. C. § 405 (g), authorizes review. Although the apparent literal meaning of statutory language is not an unfailing guide to the meaning of a congressional enactment, I can see no reason in this case why the second sentence of § 205 (h) should not be read to mean exactly what it says—that the decision before us is reviewable under § 205 (g) or not at all.

The Court's decision in *Weinberger* v. *Salfi,* 422 U. S. 749, supports this reading of § 205 (h). *Salfi* held that the first two sentences of § 205 (h) "prevent review of decisions of the Secretary save as provided in the Act, which provision is made in § [2]05 (g)." 422 U. S., at 757. Although *Salfi* was principally concerned with an assertion of jurisdiction under 28 U. S. C. § 1331, the plaintiffs there, like Sanders, also relied upon § 10 of the Administrative Procedure Act, 5 U. S. C. §§ 701–706. See Brief for Appellants 17 n. 13, Brief for Ap-

pellees 42, and App. 7, in *Weinberger* v. *Salfi*, O. T. 1974, No. 74–214. Yet the Court ruled that, as to those plaintiffs who could not seek review under § 205 (g), the District Court should have dismissed the complaint because "[o]ther sources of jurisdiction [were] foreclosed by § [2]05 (h)." 422 U. S., at 764.*

Thus, I see no reason at all in this case to consider whether § 10 of the APA in general confers subject-matter jurisdiction upon the district courts to review federal administrative action. For even if it does, § 205 (h) specifically and unequivocally limits Sanders and others in his position to whatever jurisdiction is provided under § 205 (g). And as the Court today explains, *ante,* at 107–109, there is clearly no jurisdiction under the latter provision to review the Secretary's refusal to reopen the decision denying benefits to Sanders.

Accordingly, I concur in the judgment.

---

*The *Salfi* Court's treatment of the first two sentences of § 205 (h) as requiring the exhaustion of administrative remedies, 422 U. S., at 757, is in no way inconsistent with a reading of the second sentence of § 205 (h) as precluding review outside of § 205 (g). That sentence simply requires that all review take place within the confines of the procedural scheme established by § 205 (g). Section 205 (h) thus bars attempts to circumvent those procedures, whether by seeking review under § 205 (g) without having fulfilled the exhaustion requirement, or by seeking review under some other jurisdictional grant that does not prescribe the administrative steps that must first be taken.