**Sally L. WHITE, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 82–2285.**

United States Court of Appeals, Tenth Circuit.

Jan. 12, 1984.

Leslie J. Cohen, Legal Aid Soc. of Albuquerque, Inc., Albuquerque, N.M., for plaintiff-appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., William L. Lutz, U.S. Atty., Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, and John W. Wojciechowski, Atty., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before BARRETT and LOGAN, Circuit Judges, and JENKINS, District Judge.*

LOGAN, Circuit Judge.

Sally L. White sought judicial review in federal district court under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her claim for survivor's benefits for herself and her minor grandchildren. The district court granted the Secretary's motion to dismiss her complaint for lack of subject matter jurisdiction and for failure to state a constitutional claim on which relief could be granted. The case was submitted on the briefs by agreement of the parties. We affirm.

After adopting three of her grandchildren, Mrs. White filed for survivor's benefits for herself and the children under Title

---

* Honorable Bruce S. Jenkins, United States District Judge for the District of Utah, sitting by designation.

II of the Social Security Act. The application was approved, but she was given benefits effective only as of April 1974. Mrs. White timely requested reconsideration, suggesting that entitlement should have been effective at least from the date of an earlier application in 1970. On March 29, 1977, a reconsideration determination was issued affirming the April 1974 effective date. The notice sent to Mrs. White clearly stated that she had sixty days to request a hearing before an administrative law judge (ALJ). Mrs. White waited more than two years, until June 27, 1979, before filing a request for a hearing.

Stating that good cause had been established for the late filing of Mrs. White's hearing request, the ALJ granted a hearing and affirmed the initial determination that Mrs. White's entitlement to benefits should commence as of April 1974. Mrs. White made a timely request for review of the ALJ's decision before the Appeals Council. That body, instead of considering the merits of the claim, acted under 20 C.F.R. § 404.-947 (1980) to reopen the good cause determination. It dismissed the case, finding that there was not good cause for Mrs. White's late filing of the request for a hearing before the ALJ.

Had the ALJ denied Mrs. White's hearing request on the ground that she failed to show good cause for the delay, the district court would clearly lack jurisdiction to review either the good cause determination or the merits. In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that 42 U.S.C. § 405(g) could not "be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." 430 U.S. at 107–08, 97 S.Ct. at 985.

> "[A]n interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice."

*Id.* at 108, 97 S.Ct. at 986.

All circuits that have considered the question after *Sanders* have held that a decision of the Social Security Administration (SSA) not to reopen is unreviewable, whether or not the SSA held a hearing on whether good cause for the late filing was shown. *See Davis v. Schweiker*, 665 F.2d 934 (9th Cir.1982); *Giacone v. Schweiker*, 656 F.2d 1238 (7th Cir.1981); *Rios v. Secretary of Health, Education and Welfare*, 614 F.2d 25 (1st Cir.1980); *Hensley v. Califano*, 601 F.2d 216 (5th Cir.1979); *Carney v. Califano*, 598 F.2d 472 (8th Cir.1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir.1977).

Mrs. White contends that this case is different because the ALJ found good cause for the late filing, held a hearing, and made a decision on the issue of retroactive benefits, which she timely appealed. Thus, she argues, we have a final decision on the merits after a hearing reviewable under section 405(g). Whether that is so depends upon how we must treat the action of the Appeals Council reversing the ALJ's good faith ruling. If the Appeals Council is bound by the strictures imposed on an appellate court perhaps we have jurisdiction at least to review its good cause determination. However, the social security regulations in effect when Mrs. White requested a hearing gave the Appeals Council full power to substitute its judgment for that of the ALJ, with or without further proceedings. 20 C.F.R. § 404.947 (1980) stated:

> "*The Appeals Council* may dismiss ... or, in its discretion, deny or grant a party's request for review of a presiding officer's decision, or *may, on its own motion*, within 60 days after the date of the notice of such decision, *reopen* such decision for review or *for the purpose of dismissing the party's request for hearing for any reason for which it could have been dis-*

*missed by the presiding officer.* (see §§ 404.935 through 404.937)."

(Emphasis added.) The courts have accepted the proposition that an agency hearing officer's authority to render initial decisions does not relegate the reviewing council within the agency to the role of an appellate court. *See Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383, 386 (6th Cir.1978); *Lorraine Journal Co. v. FCC,* 351 F.2d 824, 828 (D.C.Cir.1965), *cert. denied sub nom. W.W.I.Z., Inc. v. FCC,* 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed.2d 308 (1966). We hold that on any matter committed to the absolute discretion of the SSA, the Appeals Council may substitute its judgment for that of the ALJ and the federal courts have no jurisdiction to review that action. Since 20 C.F.R. § 404.937(c) (1980) permitted the ALJ to dismiss an untimely hearing request, the Appeals Council could properly reopen the ALJ's good cause determination and dismiss the request for review if it determined that good cause did not exist. It is as if the hearing before the ALJ on the merits of Mrs. White's claim never took place. Therefore, the reconsideration determination from 1977 stands as the last determination on the merits. Because the appeal from the reconsideration determination was out of time, this Court has no subject matter jurisdiction to review Mrs. White's claim under 42 U.S.C. § 405(g).

Finally, Mrs. White argues that the Appeals Council violated her right to due process by failing to notify her that it would review the ALJ's good cause determination. She relies upon *Giacone v. Schweiker,* 656 F.2d 1238, which found a constitutional basis for jurisdiction in the failure of the ALJ to notify an unrepresented claimant of his need to establish good cause for late filing and in other misleading conduct of SSA employees. The instant case is not comparable. Mrs. White was not misled by agency personnel regarding her need to establish good cause for filing late. She had a lawyer who presented reasons for the delay. Because the ALJ found that good cause had been established and because Mrs. White is deemed to know that

SSA regulations permit the Appeals Council to reopen any determination by the ALJ, she had notice that the good cause determination was potentially an issue in her case before the Appeals Council. Finally, she presented evidence of good cause for her delay to the ALJ; the evidence was in the record and was reviewed by the Appeals Council. It would be good practice for the Appeals Council to notify a claimant that it is considering reopening the good cause issue—a practice it apparently now follows—but we cannot say the Due Process Clause requires that a claimant be notified and be given a chance to reargue the good cause issue before the Appeals Council. *See generally Mathews v. Eldridge,* 424 U.S. 319, 348–49, 96 S.Ct. 893, 909, 47 L.Ed.2d 18 (1976).

AFFIRMED.