**Marion R. DOZIER, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 88–1380.

United States Court of Appeals, Tenth Circuit.

Submitted on the Briefs.[1]

Decided Oct. 2, 1989.

Publication Ordered Nov. 28, 1989.

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

Roger Hilfiger, U.S. Atty., Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation; A. George Lowe, Chief, Disability Litigation Branch; and Etzion Brand, Atty., Office of the Gen. Counsel, Social Security Div., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before HOLLOWAY, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

Marion Dozier filed an application on October 7, 1985, for Social Security disability benefits, which was administratively denied. Dozier sought and obtained review of his case by an Administrative Law Judge, who, after a hearing, issued a decision on August 13, 1986, denying Dozier's application for benefits. This decision became the final decision of the Secretary when the Appeals Council on October 22, 1986, denied Dozier's request for review. The notice to Dozier that his request for review had been denied by the Appeals Council also informed Dozier of his right to seek judicial review within sixty days from the date he received the notice. During these proceedings before the Secretary, Dozier was represented by Legal Services of Eastern Oklahoma.

On August 7, 1987, Dozier, with newly retained counsel, filed the present action in the United States District Court for the Eastern District of Oklahoma seeking review under 42 U.S.C. § 405(g) of the Secretary's disallowance of benefits under the Social Security Act. It was alleged in the complaint that Dozier, through counsel, requested the Appeals Council on February 25, 1987, to "reopen" his case and extend the time within which to seek judicial review of the Secretary's decision, which request was denied on June 3, 1987. It was further alleged that Dozier is in fact severely and irremediably disabled because of asthma and environmental restrictions causing breathing problems, and that be-

cause of such disability, coupled with a lack of education, he can no longer work as a painter, laborer, and satellite dish installer or any other occupation, and is therefore entitled to disability benefits.

The Secretary filed a motion to dismiss on the ground that the action had not been filed within sixty days after the Secretary's final decision, as required by 42 U.S.C. § 405(g). The district court granted the Secretary's motion and dismissed the action. Dozier appeals. We affirm.

The decision of the Appeals Council was on October 22, 1986. The sixty-day period prescribed by 42 U.S.C. § 405(g) expired on or about December 22, 1986. The present action was commenced on August 7, 1987, more than seven months out-of-time. Clearly, the action was not filed within the time allowed by the statute and was subject to a motion to dismiss.

■ Counsel for Dozier does not claim that the action was timely commenced. Rather, he argues that under § 405(g) the Secretary is empowered to extend the time within which the action must be commenced and that in the instant case the Appeals Council abused its discretion in denying Dozier's request to reopen and grant additional time to commence his action. In this latter connection, Dozier's retained counsel on February 25, 1987, wrote the Appeals Council requesting additional time within which to file an action in district court and set forth the reasons for such request. On June 3, 1987, the Appeals Council denied Dozier's request for additional time and set forth its reasons for such denial.

On appeal, Dozier argues that the Appeals Council's denial of his request for additional time to commence an action for judicial review was unreasonable and an abuse of discretion. The Secretary's position is that the Appeals Council's denial of Dozier's request for additional time to file is not subject to judicial review. We agree with the Secretary.

The question then is whether the Appeals Council's denial of Dozier's request that his

case be reopened and that he be granted additional time to seek judicial review is itself subject to judicial review.[2] As indicated above, our answer to that question is in the negative.

42 U.S.C. § 405(h) provides, in part, that: No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or governmental agency except as herein provided.

42 U.S.C. 405(g) provides, in part, as follows:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

In *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that the Administrative Procedure Act did not itself constitute an implied grant of subject-matter jurisdiction permitting federal judicial review of the actions of the Secretary under the Social Security Act. *Id.* at 107, 97 S.Ct. at 985. The Supreme Court further held that 42 U.S.C. § 405(g) limits federal judicial review of a decision of the Secretary to "a final decision of the Secretary made after hearing." *Id.* at 108, 97 S.Ct. at 985. In *Califano* the claimant sought judicial review of the Secretary's decision not to reopen his case, and the Supreme Court held that a decision by the Secretary not to reopen a case was not a "final decision of the Secretary made after hearing," and was therefore not reviewable by federal courts.

In *White v. Schweiker,* 725 F.2d 91, 93 (10th Cir.1984) we observed as follows:

All circuits that have considered the question after *Sanders* [*Califano v. Sanders*] have held that a decision of the Social Security Administration (SSA) not to reopen is unreviewable, whether or not the SSA held a hearing on whether good cause for the late filing was shown. *See Davis v. Schweiker,* 665 F.2d 934 (9th Cir.1982); *Giacone v. Schweiker,* 656 F.2d 1238 (7th Cir.1981); *Rios v. Secretary of Health, Education and Welfare,* 614 F.2d 25 (1st Cir.1980); *Hensley v. Califano,* 601 F.2d 216 (5th Cir.1979); *Carney v. Califano,* 598 F.2d 472 (8th Cir.1979); *Teague v. Califano,* 560 F.2d 615 (4th Cir.1977).

*Stone v. Heckler,* 778 F.2d 645 (11th Cir.1986) and *Peterson v. Califano,* 631 F.2d 628 (9th Cir.1980) involve the precise matter at issue in the instant case. In *Stone* and *Peterson* the Eleventh Circuit and the Ninth Circuit respectively ruled that the Appeals Council's denial of a request by a claimant that he be given additional time to file suit in federal district court is not subject to federal judicial review.

■ Both *Califano* and *White* recognize that there may be federal judicial review when the Secretary's denial of a petition to reopen is itself challenged on constitutional grounds. Dozier attempts to bring himself within this exception. It is true that in his petition to reopen and extend time Dozier, through counsel, claimed, *inter alia,* that the Administrative Law Judge made his decision in an "unconstitutional manner" by using "a post-hearing medical advisor which the claimant was not permitted to cross-examine." In denying the petition to reopen and extend time, however, the Appeals Council noted that the interrogatories sent to the medical advisor "were proferred [sic] to the claimant's representative (Exhibit 34) and that no objection to the inclusion of the medical adviser's opinion into the record was made." Be that as it may, the "constitutional issue" sought to be injected by counsel into this case is not the type of "constitutional issue" identified in *Califano* or considered in *White.*

Counsel's reliance on *Cappadora v. Celebrezze,* 356 F.2d 1 (2nd Cir.1966) and *Bow-*

---

**2.** The request to reopen and extend was filed 125 days *after* the Appeals Council's order of October 22, 1986, advising Dozier that he had 60 days to seek judicial review of its denial of his request for review of the Administrative Law Judge's decision.

*en v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986· is misplaced. *Cappadora* did hold that the Secretary's decision not to reopen a denial of benefits was subject to judicial review for abuse of discretion under the Administrative Procedure Act, but such holding was, in effect, overruled by *Califano v. Sanders.* *Bowen* recognizes the doctrine of "equitable tolling" of the 60 day provision in § 405(g) where the Secretary has "adopted an unlawful, unpublished policy under which countless deserving claimants were denied benefits." *Bowen,* 476 U.S. at 473, 106 S.Ct. at 2026. Such is not our case. Mandate shall issue forthwith.

Judgment affirmed.