930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
David L. RUDDER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 89-7093.
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The issue in this social security case is whether the Secretary's invocation of the doctrine of administrative res judicata and his discretionary decision not to reopen an earlier adjudication are reviewable. Because we agree with the district court that no judicial review of this action is available, we affirm.
 
 
 3
 Plaintiff-appellant David Rudder was initially found disabled in 1976 due to heart problems and a back injury. Supp.Rec. Vol. I at 126-28. In 1982, after reevaluation, Mr. Rudder's benefits were terminated. Id. at 136-37. This termination was affirmed by an administrative law judge, id. at 232-43, and the Appeals Council denied Mr. Rudder's request for review. Id. at 245. Mr. Rudder did not appeal the termination of benefits further. Instead, he filed a second application for disability benefits in 1985 which was denied by an administrative law judge on October 31, 1985. Id. at 332-39. No appeal was taken from the denial of the second application.
 
 
 4
 The third and current application, the subject of this appeal, was filed in 1987, again alleging disability commencing in September 1974. Id. at 340-43. This claim was denied initially and upon reconsideration. Id. 344-50. Mr. Rudder last met the special earning requirements for Title II disability benefits on September 30, 1985. To qualify for renewed benefits pursuant to the third application, therefore, he needed to show that he became disabled on or prior to that date. 20 C.F.R. Secs. 404.120-.132 (1988). Because the administrative law judge reviewing his second application issued his decision on October 31, 1985, however, Mr. Rudder last met the special earnings requirements during a previously adjudicated period. Therefore, in order for Mr. Rudder to establish disability prior to September 30, 1985, the Secretary's prior decision denying Mr. Rudder's second application would have to be reopened.
 
 
 5
 An administrative law judge, after reviewing the evidence supporting the October 1985 decision as well as the new evidence submitted with the third application, dismissed Mr. Rudder's request for a hearing and refused to reopen the October 1985 decision. Supp.Rec. Vol. I at 8. In support of this position, the administrative law judge cited principles of res judicata and applied the regulations governing the reopening of a final decision, 20 C.F.R. Secs. 404.987-404.989 (1988). The Appeals Council denied Mr. Rudder's request for review of the dismissal.
 
 
 6
 Mr. Rudder filed a complaint in the district court. That court held that neither a dismissal on the ground of res judicata nor a discretionary decision not to reopen a prior final decision was reviewable by that court. Rudder v. Bowen, No. 88-333-C, order at 9 (E.D.Okla. Aug. 29, 1989). Mr. Rudder appeals and we affirm.
 
 
 7
 In addressing the general question of the scope of judicial review of agency action, the Supreme Court has held that the Administrative Procedure Act does not itself constitute an implied grant of subject matter jurisdiction allowing federal courts to review such action. Califano v. Sanders, 430 U.S. 99, 107 (1977). Specifically with regard to the Social Security Act, such jurisdiction is limited under Sec. 205(g), 42 U.S.C. Sec. 405(g) (1988), to those "final decision[s] of the Secretary made after a hearing." Id. at 108. All circuit courts considering the issue after Sanders have concluded that a decision by the Secretary not to reopen is unreviewable. Dozier v. Bowen, 891 F.2d 769, 771 (10th Cir.1989) (quoting White v. Schweiker, 725 F.2d 91, 93 (10th Cir.1984)). This is true whether the Social Security Administration held a hearing on whether good cause for reopening was established. Dozier, 891 F.2d at 771; White v. Schweiker, 725 F.2d at 93 (citing cases).
 
 
 8
 The only exception to this bar to judicial review occurs when the plaintiff challenges the Secretary's refusal to reopen on constitutional grounds. Sanders, 430 U.S. at 109; Dozier, 891 F.2d at 771. We agree with the district court that this case presents no colorable constitutional claim.
 
 
 9
 Initially, we note that Mr. Rudder's complaint does not allege any constitutional violation but simply asks the district court to assess whether the Social Security Administration properly applied the doctrine of res judicata to the case. Rec. Vol. 1, Doc. 1 at 2. The district court, however, did examine Mr. Rudder's contention that the agency's failure to apply the provisions of the Social Security Disability Benefits Reform Act of 1984[1] (1984 Reform Act), which changed the standard of review for termination of benefits, may have implicitly resulted in a constitutional deprivation.[2] We agree with the district court that, because Mr. Rudder's 1982 case challenging the termination of his benefits was final in 1983, approximately eighteen months before the passage of the 1984 Reform Act, that the standards of that Act do not apply to his case and that, therefore, no constitutional rights have been infringed.[3]
 
 
 10
 Mr. Rudder argues that courts have refused to accept the bar of res judicata in cases of manifest error on the face of the record. See Woodrum v. Richardson, 321 F.Supp. 1278, 1281 (S.D.W.Va.1971); cf. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir.1971) (recognizing manifest error exception but refusing to apply it). Mr. Rudder, however, does not identify any error rising to the magnitude of that in Woodrum, that would remove him from the strictures of res judicata.
 
 
 11
 This case is controlled by our recent decision in Brown v. Sullivan, 912 F.2d 1194 (10th Cir.1990), in which we stated:
 
 
 12
 Neither the district court nor this court has jurisdiction to review the Secretary's refusal to reopen a claim for disability benefits or determination [that] such claim is res judicata. The Secretary's decision not to reopen a previously adjudicated claim for benefits is discretionary and, therefore, is not a final decision reviewable under 42 U.S.C. Sec. 405(g).
 
 
 13
 Claimant may not use these later applications for benefits as an attempt to circumvent the appeal requirements for a termination of benefits.
 
 
 14
 Id. at 1196 (citations omitted).
 
 
 15
 The fact that the administrative law judge held a hearing regarding Mr. Rudder's third claim does not indicate that the case was implicitly reopened, thus allowing judicial review. "Because the Secretary expressly refused to reopen by invoking the doctrine of res judicata, there was no reopening in fact." Id.
 
 
 16
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 See Pub.L. 98-460, 98 Stat. 1794, 1797, Sec. 2(d) (1984)
 
 
 [2]
 Neither the complaint nor the order of the district court specifically defines which constitutional protection was at issue. Counsel for Mr. Rudder, however, in his brief on appeal states, without more, that "the Appellant has been denied due process by the last A.L.J." Brief for Appellant at 13
 
 
 [3]
 Mr. Rudder's 1982 termination proceeding is the only one to which the 1984 Reform Act could potentially apply. "The medical improvement standard [of the Act] applies only in termination cases, not in later applications for benefits." Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir.1990)