999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Nicholas HARRISON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5067.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 James Nicholas Harrison, a pro se prisoner and social security claimant, appeals a district court judgment denying his application for social security disability benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Harrison was born on December 28, 1957, and has the equivalency of a high school education (GED). He has past relevant work experience as a construction laborer and packer/inspector. He met the disability insured status requirements under the Social Security Act on March 26, 1986, when he allegedly became unable to work, and continued to meet them through September 30, 1986, but not thereafter.
 
 
 4
 Harrison filed prior applications for disability insurance benefits and supplemental security income on July 22, 1985, alleging a disability since July 7, 1985, due to a gunshot wound inflicted by the police. These applications were denied initially and upon reconsideration and Harrison requested a hearing. After Harrison failed to appear for the scheduled administrative hearing, the administrative law judge (ALJ) issued a show cause order on March 25, 1986, and Harrison never responded as to why he did not appear for the hearing. The ALJ issued an order of dismissal and no appeal was taken.
 
 
 5
 Harrison's current application for disability insurance benefits was filed on July 30, 1987. An onset date of March 26, 1986 was alleged, due to complications from a gunshot wound. On July 31, 1989, an ALJ determined that Harrison was not disabled. After Harrison appealed, the Appeals Council remanded the case for a new hearing to evaluate Harrison's complaints of pain. Following an administrative hearing, an ALJ again determined that Harrison was not disabled and denied benefits.
 
 
 6
 Harrison then filed a complaint seeking judicial review of the Secretary's decision. He argued that the Secretary's decision denying benefits is not supported by substantial evidence because the ALJ did not properly evaluate his residual functional capacity (RFC), his complaints of pain, or his credibility. He also argued that the ALJ erred in finding that the period of disability under consideration was only from March 26, 1986, through September 30, 1986. He indicated that the ALJ should have reopened his prior applications and considered his period of disability from his original onset date of July 7, 1985. A magistrate judge recommended granting summary judgment in favor of the defendant. Upon de novo review in light of timely objections, the district court accepted the magistrate judge's recommendation and dismissed Harrison's case.
 
 
 7
 On appeal, Harrison continues to argue the merits of his case. He requests the appointment of counsel in his brief. He has also filed a motion to proceed as a pauper.
 
 
 8
 Upon review, we conclude that the Secretary's decision denying benefits is supported by substantial evidence. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Harrison's subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. See McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-03 (6th Cir.1988). As to Smith's argument that the district court erred by finding the Secretary did not reopen his prior applications for benefits, a court may not review the Secretary's refusal to reopen an application for benefits absent a constitutional challenge. Califano v. Sanders, 430 U.S. 99, 107-09 (1977). Harrison has not presented a valid constitutional argument in this regard that would warrant a review of his claim.
 
 
 9
 Accordingly, we grant Harrison's request to proceed as a pauper, deny his request for counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation