**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANDRES M. MONTOYA,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 99-2156
(D.C. No. CIV-98-1082-HB/LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff Andres M. Montoya appeals the district court's order adopting the

magistrate judge's recommendation granting the Commissioner of Social

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Security's motion to dismiss. The magistrate judge found that plaintiff's case was not timely filed, and that it lacked jurisdiction to review the Commissioner's decision not to reopen plaintiff's prior application. Following a *de novo* review of plaintiff's objections, the district court adopted the magistrate judge's proposed findings and recommendation and dismissed plaintiff's case with prejudice. Plaintiff appeals.

## Background

Plaintiff initially applied for social security disability benefits in August 1986. This application was denied initially, on reconsideration, and following a hearing before an administrative law judge (ALJ). On January 22, 1988, the Appeals Council denied review, and plaintiff did not bring a federal court action. He filed a second application for benefits six years later on February 2, 1994. On June 22, 1995, the same ALJ found in his favor on this application, determining his disability onset date to be December 1, 1984. The ALJ expressly refused to reopen plaintiff's prior application. On August 7, 1995, plaintiff received an award of benefits letter which informed him that his disability onset date was December 1, 1984, but that his disability benefits would be retroactive only to February 1993, twelve months before his application filing date. [1]

---

[1] Although plaintiff did not provide us with the entire award letter, the
(continued...)

On September 26, 1995, plaintiff filed a request for review with the Appeals Council. [2] In November 1996, the Appeals Council denied plaintiff's request for review of the ALJ's decision as untimely, but forwarded plaintiff's request to the local social security office for processing of plaintiff's request for review of the August 7, 1995 award letter. Prior to receiving a decision on his request for reconsideration of the award letter, plaintiff filed an action in federal court on December 12, 1996. The district court dismissed his complaint for failure to exhaust administrative remedies. The dismissal order required the local social security office to decide plaintiff's request for review within ninety days. On February 28, 1998, the Commissioner issued a reconsideration determination finding its June 22, 1995 decision to be correct, and reaffirming its decision not

(...continued)
Commissioner contends that the award letter notified plaintiff that he had sixty-days in which to seek review of the award letter. Appellee's Br. at 2.

[2] We note that plaintiff's appendix lacks the documents needed for this court to make a meaningful review of the administrative procedures followed and administrative decisions rendered in this case. *See* 10th Cir. R. 30.1(A)(1) (stating that "[t]he requirements of [10th Cir.] Rule 10.3 for the contents of a record on appeal apply to appellant's appendix"); *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1237 n.15 (10th Cir. 1999) (counsel bears the responsibility to ensure the appendix filed is sufficient). In light of the limited appendix, we resolve any factual discrepancies or omissions in the record in favor of the Commissioner, *see Arkla Energy Resources, a Div. of Arkla, Inc. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 865 (10th Cir. 1993), and decide the case on the merits, *see O'Dell v. Shalala*, 44 F.3d 855, 857 n.2 (10th Cir. 1994). However, we admonish plaintiff's counsel for submission of an inadequate appendix and advise that this court's indulgence may not be as forthcoming in future cases.

to reopen plaintiff's prior application. In this decision, the Commissioner explained that retroactive disability payments are limited to twelve months prior to the month of application, *see* 42 U.S.C. § 402(j), and informed plaintiff that his 1986 application was outside the limits for reopening for good cause, *see* 20 C.F.R. § 404.988. [3]

Plaintiff filed a second complaint in federal court on September 8, 1998. The district court adopted the magistrate judge's recommendation that the complaint be dismissed as untimely pursuant to 42 U.S.C. § 405(g). Plaintiff appeals, claiming that the district court erred in dismissing his complaint. We affirm.

**Discussion**

---

[3] Although plaintiff claims that, in March 1998, he requested a review of the February 28, 1998 decision, the Commissioner claims no knowledge of this request, and plaintiff provided no evidence that the request was actually made. We note that the Commissioner apparently raised the issue of plaintiff's failure to exhaust administrative remedies for the first time in her reply brief to the district court. Because generally, issues raised for the first time in a reply brief will not be considered, the district court declined to consider the issue. *See* Appellant's App., Magistrate Judge's Proposed Findings & Recommended Disposition at 1 n.1 (*citing Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 724 (10th Cir. 1993)). Therefore, because the issue was not before the district court, we consider the issue waived, and we will not consider it on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (stating that, as a general rule, this court will not consider an issue on appeal that was not raised and ruled on below).

In his brief, plaintiff acknowledges that § 405(g) governs the time period in which a claimant may seek judicial review of a decision of the Commissioner of Social Security. Section 405(g) states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Plaintiff asserts that the "triggering event" for the filing of his federal court complaint was the Commissioner's February 28, 1998 reconsideration determination. Appellant's Br. at 7. Plaintiff then contends that he filed his September 8, 1998 complaint in federal court "well within the applicable limitation period." *Id.* This argument appears to defy common sense. If, as plaintiff asserts, his sixty-day period in which to commence his action in district court began to run on February 28, 1998, his filing on September 8, 1998, was over four months outside the applicable sixty-day limitation period.

Relying on *Bowen v. City of New York*, 476 U.S. 467 (1986), plaintiff next argues that the district court should have equitably tolled the limitations period because plaintiff was "tricked or deceived" by the Commissioner's "misconduct or ineptitude." Appellant's Br. at 7, 9-10. He asserts that he "is being punished as a result of an erroneous decision by the Administration," and that "even though the Administration incorrectly denied [plaintiff] benefits in his first application, it

is [plaintiff] who must bear the consequences of this erroneous ruling." *Id.* at 9. Although plaintiff's argument is not well developed, it appears that he is asserting that the Commissioner's 1988 denial of benefits was erroneous and therefore, his untimely appeal of the Commissioner's February 28, 1998 reconsideration decision should be excused. This argument is unpersuasive.

The Commissioner is authorized by Congress to toll the sixty-day limitations period when "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (*quoting Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). Here, plaintiff did not miss the filing deadline by a short period of time; more than four months elapsed between the reconsideration decision and the time he filed his federal court action. Moreover, plaintiff has not established that the circumstances here place his case within the narrow group deserving of this special consideration.

Insofar as plaintiff argues that the Commissioner erred by refusing to reopen his 1986 application, this decision is judicially unreviewable. *See Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989) (holding that, pursuant to the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 107 (1977), a decision by the Commissioner not to reopen an application is unreviewable). This bar to review exists "'whether or not the [Commissioner] held a hearing on

whether good cause for the late filing was shown.'"    *Dozier* , 891 F.2d at 771

(*quoting White v. Schweiker*    , 725 F.2d 91, 93 (10th Cir. 1984)).  The only

exception to this bar on judicial review is when the refusal to reopen is

challenged on constitutional grounds, an instance the Supreme Court has

described as "rare."    *Califano* , 430 U.S. at 109.

Section 405(g) limits federal judicial review of a decision of the Social

Security Commissioner to a final decision made after a hearing.    *See id.*  at 108.

It also requires that a request for judicial review be filed within sixty days of the

final decision.   *See id.*   Here, plaintiff not only failed to file his federal court

complaint in a timely manner, but also appears to be seeking review of a non-final

order.  Therefore, the district court was correct in dismissing plaintiff's

complaint, and the judgment of the United States District Court for the District of

New Mexico is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
