**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VERN L. ROSENBARKER,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART, *
Commissioner of Social Security
Administration,

Defendant-Appellee.

No. 01-2272
(D.C. No. CIV-98-1561-M/JHG)
(D. New Mexico)

**ORDER AND JUDGMENT** **

Before **EBEL**, **HOLLOWAY** , and **MURPHY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of
Social Security.  In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the
appellee in this action

\*\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Vern L. Rosenbarker, appearing *pro se*, appeals the district court's order adopting the magistrate judge's report and recommendation granting the Commissioner of Social Security's motion to dismiss for lack of subject matter jurisdiction. The district court, adopting the magistrate judge's report and recommendation, ruled that it lacked jurisdiction to review the Commissioner's decision not to reopen plaintiff's prior applications, and dismissed the case with prejudice. Plaintiff appeals, and we affirm.

BACKGROUND

Plaintiff initially applied for disability benefits in 1979. This application was denied and plaintiff did not appeal the denial. Plaintiff filed a second application for benefits on August 9, 1982. Again, this claim was denied and plaintiff did not appeal the denial. Plaintiff filed his third, and present, application on September 27, 1985. This application was denied initially, on reconsideration, and following a hearing before an Administrative Law Judge (ALJ). The ALJ ruled that the issues raised in the application had previously been adjudicated and were, therefore, barred by the doctrine of res judicata. The Appeals Council denied plaintiff's request for review. Plaintiff appealed to

-2-

the federal district court, which granted the Commissioner's motion to dismiss. Plaintiff filed an appeal of that decision with this court in October 1995.

While plaintiff's appeal was pending before this court, however, the Commissioner agreed to remand plaintiff's case to its Office of Hearings and Appeals (OHA). The OHA remanded plaintiff's case for a hearing before an ALJ to determine whether, under the standards of Social Security Ruling (SSR) 95-1p, good cause existed to extend plaintiff's time for requesting administrative review of the 1979 and 1982 decisions denying him benefits. [1]

Following a hearing, at which plaintiff was represented by counsel, the ALJ determined that plaintiff had not shown good cause to reopen the prior applications. The ALJ found that plaintiff had no physical, educational, or language difficulties that prevented him from filing timely requests for reconsideration of his prior applications. The ALJ further found that plaintiff failed to show good cause to reopen his prior applications because he did not

---

[1] SSR 95-1p established guidelines for determination of "good cause for late filing of a request for administrative review as it applies to a claimant who received an initial or reconsideration determination notice dated prior to July 1, 1991, which did not state that filing a new application instead of a request for administrative review could result in the loss of benefits." SSR 95-1p, 1995 WL 259487, *1 (April 26, 1995). SSR 95-1p provides, in relevant part, that the Commissioner "will make a finding of good cause for late filing of a request for administrative review . . . if a claimant received a notice covered by this Ruling and demonstrates that, as a result of the notice, he or she did not timely request such review." *Id.* at *2.

demonstrate that the allegedly defective notice was the reason he failed to file a timely request for review.

Plaintiff appealed to the Appeals Council, which denied review. He then appealed to the district court, which dismissed the case for lack of subject matter jurisdiction.

ANALYSIS

Because a decision not to reopen a case is not a final decision of the Commissioner made after a hearing, it is not reviewable by federal courts. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977). This bar to review exists "whether or not the [Commissioner] held a hearing on whether good cause for the late filing was shown." *Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989) (quotation omitted). The only exception to this bar on judicial review is when the refusal to reopen is challenged on constitutional grounds, an instance the Supreme Court has described as "rare." *See Califano*, 430 U.S. at 109.

Plaintiff contends the Commissioner erred by refusing to reopen his prior applications. He claims his due process rights were violated because the denial notices misled him regarding his right to file a new application and failed to inform him that the failure to appeal would result in the loss of benefits. This court has held that, in order to establish standing to raise such a constitutional claim, "a plaintiff must demonstrate reliance on the allegedly defective denial

-4-

notices." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "[M]ere receipt of an allegedly defective denial notice is [in]sufficient to establish standing." *Id*. Plaintiff presented no evidence of reliance in this case. Indeed, he admitted that he read the notices "just to the part where it says I was denied, and I just totally threw it out - ripped them up, threw them away, and went and got drunk." R. Vol. II, at 54. By his own admission, therefore, his failure to file timely requests for review was not a result of the allegedly defective notices. Because plaintiff failed to demonstrate reliance, he lacks standing to maintain this action. *Gilbert*, 45 F.3d at 1394.

Therefore, the district court correctly ruled that it lacked jurisdiction to review the Commissioner's discretionary decision not to reopen plaintiff's prior applications. Plaintiff raises several other arguments on appeal that we do not consider because he did not present them to the district court. *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

-5-