67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bernice BURNS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-2271.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1995.*
Decided Oct. 5, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Bernice Burns started to receive Social Security retirement benefits in 1989. In July 1992 she sought reconsideration of her entitlement; the Social Security Administration rejected this request as untimely, and reiterated this determination after a hearing before an Administrative Law Judge. 20 C.F.R. Sec. 404.909(a)(1). The district court dismissed Burns's request for judicial review, a step inevitable after Califano v. Sanders, 430 U.S. 99 (1977). To obtain judicial review of a decision concerning Social Security benefits, the claimant must follow all of the prescribed administrative steps. 42 U.S.C. Sec. 405(g). Sanders holds that a motion to reopen a benefits decision, rejected without a decision on the merits, does not come within the grant of jurisdiction in Sec. 405(g). Burns's request in 1992 was either a motion to reopen or a hopelessly tardy administrative appeal (the period for which is 60 days), so her claim fails either way.
 
 
 2
 Burns asks us to bypass Sec. 405(g) and assert jurisdiction under 28 U.S.C. Sec. 1361. The mandamus statute does not, however, authorize a court to disregard the requirements of Sec. 405(g) and to award benefits to someone who could have obtained judicial review by following the prescribed course, but who neglected to do so. See, e.g., Heckler v. Ringer, 466 U.S. 602, 616-17 (1984). Burns's delay therefore is dispositive, as in Sanders itself.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record