**ALPINE INDUSTRIES, Plaintiff,**

v.

**FEDERAL TRADE COMMISSION, Defendant.**

No. 2:97–CV–375.

United States District Court, E.D. Tennessee.

Sept. 28, 1998.

William A. Erhart, Marvin and Erhart, Anoka, MN, J. Ronnie Greer, Law Offices of J. Ronnie Greer, Greeneville, TN, for Alpine Industries, plaintiff.

Helen C.T. Smith, U.S. Department of Justice, Office of U.S. Attorney, Greeneville, TN, Elizabeth Stein, U.S. Department of Justice, Office of Consumer Litigation, Washington, DC, for Federal Trade Commission, defendant.

## MEMORANDUM

COLLIER, District Judge.

Before the Court is Defendant Federal Trade Commission's ("FTC") Motion to Dismiss (Court File No. 5). Plaintiff Alpine Industries ("Alpine") responded (Court File No. 8) and filed a request for oral argument (Court File No. 10). The FTC filed a reply (Court File No. 9). For the following reasons, the Court will **DENY** Alpine's request for oral argument and **GRANT** the FTC's Motion to Dismiss for lack of subject matter jurisdiction.

## I. RELEVANT FACTS

For the purposes of this motion only, the FTC has assumed the truthfulness of Alpine's factual allegations. Alpine alleges it is a multi-level marketing organization engaged in the manufacturing, labeling, advertising, promotion, and sale and distribution of air purification machines. On or about September 22, 1995, Alpine and the FTC entered into a Consent Decree. The Consent Decree covered the following four primary areas:

1. Representations about Alpine's air cleaning products and their ability to eliminate, remove, clear, or clean any indoor air pollutants from a user's environment;

2. Representations comparing the effectiveness of ozone with other air cleaning methods;

3. Representations that Alpine's air cleaning products do not create harmful byproducts; and

4. Representations that when used as directed, Alpine's air cleaning products prevent or provide relief from medical or health-related conditions.

In the Consent Decree, Alpine agreed to, *inter alia*, only make claims regarding the above referenced areas if, at the time of making such representations, Alpine possessed and relied upon competent and reliable scientific evidence to substantiate the representation.

Alpine alleges that, in accordance with the requirements of the Consent Decree, it provided the FTC with scientific studies documenting the effectiveness of Alpine's air purification machines. However, the FTC declared Alpine's substantiation did not meet the "competent and reliable scientific evidence" criteria in the Consent Decree. Alpine contends the FTC has not explained or described how and why Alpine's scientific studies are inadequate nor has the FTC explained what scientific studies would more accurately meet the criteria in the Consent Decree. Through several communications, Alpine has requested the FTC to disclose the rationale

for its position. However, the FTC never adequately responded to Alpine's requests. Instead, the FTC informed Alpine it was recommending to the Department of Justice that an enforcement action be filed against Alpine.

As relief, Alpine requests the Court to "declare [Alpine has] provided adequate scientific substantiation to meet the ... criterion of the Consent Decree," or in the event the Court finds Alpine has not presented adequate scientific substantiation, "declare that the FTC be required to" specifically identify how Alpine's experts are unqualified, identify the deficiencies in Alpine's studies, and provide a protocol of reasonable testing standards which can by utilized by Alpine.

## II. STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction under *Fed. R.Civ.P.* 12(b)(1) generally come in two varieties. First, a facial attack on the basis for subject matter jurisdiction alleged in a complaint merely questions or tests the sufficiency of the pleading. In considering such facial attacks, the correct standard of review for a trial court is to take the allegations of fact in the complaint as being true. *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). On the other hand, when a court reviews a complaint which is under factual attack by a defendant, the allegations of fact in the complaint are not presumed to be true. If there is a factual dispute, the district court must weigh the conflicting evidence to determine whether jurisdiction exists. The district court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing if necessary to resolve disputed jurisdictional facts. *Id.* Consideration of such evidence does not convert the motion into one for summary judgment.

In this case, the FTC assumes, for purposes of this motion only, Alpine's factual allegations are true (Court File No. 5,

p. 2). Thus, FTC's motion is of the "facial attack" variety. When a 12(b)(1) motion attacks the face of a complaint, the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996) (discussing 12(b)(1) motions that attack jurisdictional facts, the standard of review of such motions, and when they should be converted to motions for summary judgment). The plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial." *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1248 (6th Cir. 1996) *amended by,* 1998 WL 117980 (6th Cir.1998). A federal claim is substantial unless "prior decisions inescapably render [it] frivolous." *Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit,* 738 F.2d 163, 165 (6th Cir.1984). In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made. *Musson,* 89 F.3d at 1248.

## III. DISCUSSION

### A. Motion for Oral Argument

Alpine filed a motion requesting the Court to schedule oral argument on the FTC's motion to dismiss (Court File No. 10). However, the Court finds the parties have had an adequate opportunity to fully brief the issues and thus, additional argument is unnecessary. Accordingly, the Court will **DENY** Alpine's request for oral argument.

### B. The FTC's Motion to Dismiss

In its Complaint, Alpine alleged "[t]his Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a) and 1346, under 15 U.S.C. §§ 45(1), 49, 53(b), and 56(a), and under 28 U.S.C. §§ 2201(a) and 2202" (Court File No. 1, p. 2). The FTC filed a motion to dismiss arguing none of these statutes confer subject matter jurisdiction on this Court.[1] In its response,

---

1. The FTC also argued Alpine's Complaint should be dismissed because this matter is not

Alpine then argued the Court has jurisdiction pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 to 706. Though Alpine's response appears to abandon its original claim to jurisdiction under the statutes cited in its Complaint, the Court will briefly review whether those statutes permit jurisdiction in this Court. The Court will then review Alpine's contention that the Court has jurisdiction pursuant to the APA.

■ The Court finds Alpine's citations to 28 U.S.C. §§ 1337(a) and 1346 unpersuasive.[2] Section 1337(a) provides for jurisdiction for civil actions "arising under," *inter alia*, trade regulation statutes such as the Federal Trade Commission Act ("FTC Act"). *See also Milan Express Co., Inc. v. Western Surety Co.*, 886 F.2d 783, 786 (6th Cir.1989) (" 'Arising under' for purposes of Section 1337(a) is interpreted similarly to the analogous 'arising under' language in Section 1331 .... An action will arise under a statute regulating commerce, therefore, if a federal right created by the statute is essential to the cause of action") (citations omitted). However, as the Court discusses in the next paragraph, this case does not arise under the FTC Act. Section 1346 also has no relevance to the facts alleged in this case as that section creates jurisdiction "concurrent with the United States Court of Federal Claims." 28 U.S.C. § 1346(a).

Alpine alleged jurisdiction pursuant to several sections from the Federal Trade Commission Act, 15 U.S.C. §§ 45(1), 49, 53(b) and 56(a). However, the cited statutes only provide jurisdiction with respect to actions brought by the federal government. Section 45(1) authorizes the FTC to bring actions for civil penalties and injunctive relief against any person who has violated a Commission order. Section 49 vests the district courts with jurisdiction over subpoena enforcement actions and actions to compel production of information requested in connection with a FTC investigation. Section 53(b) authorizes the FTC to institute actions for injunctive relief. Finally, section 56(a) sets forth the procedures for exercising the FTC's authority to litigate or appeal and governs the litigation relationship between the Department of Justice and the FTC.

■ Alpine also alleged subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. However, "[t]he operation of the Declaratory Judgment Act is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950) (*quoting Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937)). These statutes do not independently grant subject matter jurisdiction in this Court. *Louisville and Nashville R.R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir.1983) ("It is well established that the Declaratory Judgment Act ... is not an independent source of Federal jurisdiction") (citations omitted).

■ Finally, Alpine contends this Court has jurisdiction pursuant to the APA. "Although the Supreme Court has found that the Administrative Procedure Act does not itself create jurisdiction, the Court ... stated that the federal courts have jurisdiction under the federal question statute to review agency action 'regardless of whether the APA of its own force may serve as a jurisdictional predicate.' " *Friends of Crystal River v. United States Environmental Protection Agen-*

ripe for review and because Alpine has failed to state a claim upon which relief can be granted. Since the Court finds it lacks subject matter jurisdiction over this action, the Court finds it unnecessary to review the other arguments presented by the FTC.

**2.** The United States Supreme Court has ruled federal courts have jurisdiction under the federal question statute to review agency action pursuant to the APA. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). Accordingly, the Court's discussion regarding jurisdiction pursuant to 28 U.S.C. § 1331 is combined with the Court's discussion about jurisdiction under the APA.

*cy*, 35 F.3d 1073, 1077 n. 10 (6th Cir.1994) (*quoting Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977)) (internal citation omitted). The "right of review" provision in the APA states, in pertinent part, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. § 702. In this case, the "agency action" Alpine complains of is "the FTC's rejection ... of the scientific evidence and testimony provided by Alpine" and "the FTC's unwillingness to describe what type of tests would meet the standard, and their unwillingness to promulgate a testing protocol" (Court File No. 8, p. 9). While the Court is doubtful these actions by the FTC equate to the type of "agency action" contemplated by the APA, this was not an issue briefed by the parties.[3] However, even if the Court assumes there was agency action by the FTC, the Court must still review whether any of the APA's exceptions to judicial review apply.

Section 701(a) states that the APA applies "except to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law". 5 U.S.C. § 701(a) *see also Friends of Crystal River*, 35 F.3d at 1078. The FTC contends Alpine's action meets both of these exceptions and thus, the Court lacks jurisdiction over Alpine's claim.[4]

■ The Court finds this case meets within the second exception—agency action is committed to agency discretion by law. The Supreme Court reviewed this exception in *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). In that case, the Court was deciding whether the Food and Drug Administration's decision not to undertake an enforcement proceeding against the use of certain drugs in administering the death penalty

was subject to judicial review. The Court explained section 701(a)(2) provides "even where Congress has not affirmatively precluded review, review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Id.* at 1655; *see also Madison–Hughes v. Shalala*, 80 F.3d 1121, 1127 (6th Cir.1996) ("[J]udicial review is only available where there are 'standards, definitions, or other grants of power that deny or require action in given situations.... A meaningful standard does not exist where the applicable law is so broadly drawn that the court has no standard or substantive priorities against which to measure an agency's discretion") (citations omitted). Since the Food, Drug and Cosmetic Act provided no substantive standards on which a court could base its review, the Supreme Court concluded enforcement actions were committed to the discretion of the FDA. Thus, the agency had unreviewable discretion to decided when and how they should be pursued. *Heckler*, 105 S.Ct. at 1659.

In line with *Heckler*, Alpine acknowledges "[t]he FTC clearly has complete discretion over when to file an administrative complaint and when to institute an administrative action for violation of the [FTC Act]" (Court File No. 8, p. 22). Instead, Alpine characterizes this case as a "request for interpretation of the Consent Decree." Alpine contends it "is not asking the court to 'take over' the FTC's ability to determine whether or not Alpine is in compliance ... but instead is asking for judicial review, after the fact, of non-compliance" (*Id*). The Court finds this argument fails for two reasons. First, "judicial review is only available where there are 'standards, definitions, or other grants of power that deny or require action in given

---

3. Section 704 lists the "actions reviewable" and states, in pertinent part, "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

4. Though it is probably apparent, the Court notes only one exception has to be met in for the APA to be inapplicable to Alpine's case.

situations.'" *Madison–Hughes,* 80 F.3d at 1127. However, Alpine has not cited nor has the Court located any law upon which the Court can judge the FTC's decision. It is important to recognize that Alpine complains about the FTC's rejection of their scientific studies. At the time Alpine brought this case, the FTC has not yet filed an enforcement proceeding. Neither the FTC Act, 15 U.S.C. §§ 41 to 77, nor the FTC regulations, *see e.g.,* 16 C.F.R. Chap. 1, provide a meaningful standard against which the Court can measure the agency's discretion with respect to this issue. Second, while Alpine contends this case is not an attempt to impinge upon the FTC's discretion to bring an enforcement action, this case cannot be about anything else. Part of the relief Alpine requests is for the Court to declare Alpine has provided adequate scientific substantiation in accordance with the Consent Decree. However, if the Court were to rule in such a manner, the FTC would be precluded from commencing an enforcement action based on an alleged violation of that agreement. As Alpine already acknowledges the FTC has complete discretion over the commencement of enforcement proceedings and because Alpine's case unavoidably impinges upon that discretion, Alpine's case clearly falls within the second exception to section 701(a). This means the APA, and consequently the federal question statute, 28 U.S.C. § 1331, cannot be the basis of subject matter jurisdiction in this Court. *Madison–Hughes,* 80 F.3d at 1127 ("[C]ourts do not have subject matter jurisdiction to review agency actions that are 'committed to agency discretion by law'") (*citing* 5 U.S.C. § 701(a)(2) and *Lincoln v. Vigil,* 508 U.S. 182, 113 S.Ct. 2024, 124 L.Ed.2d 101 (1993)). Since, as discussed previously, the Court does not have jurisdiction pursuant to any of the other statutes Alpine cited, the Court will **GRANT** the FTC's Motion to Dismiss.

## IV. *CONCLUSION*

For the reasons stated, the Court finds additional argument with respect to this motion is unnecessary and the Court will **DENY** Alpine's request for oral argument. The Court also concludes it does not have subject matter jurisdiction over Alpine's case. Accordingly, the Court will **GRANT** the FTC's Motion to Dismiss.