**Robert HARRIS et al., Plaintiffs,**

v.

**FEDERAL AVIATION ADMINISTRATION, Defendant.**

**Civil Action No. 01–0503 (RMU).**

United States District Court, District of Columbia.

Aug. 29, 2002.

Joel C. Glanstein, O'Donnell, Schwartz
& Glanstein, New York City, Art Luby,

O'Donnell, Schwartz & Glanstein, Washington, DC, for Plaintiffs.

Edith M. Shine, Assistant United States Attorney, Washington, DC, Julia Rhodes, Esq., Federal Aviation Administration, Washington, DC, for Defendant.

## MEMORANDUM OPINION

URBINA, District Judge.

GRANTING THE DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT THE PLAINTIFFS' CROSS-MOTION FOR ADDITIONS TO THE ADMINISTRATIVE RECORD

### I. INTRODUCTION

On August 9, 1981, President Reagan fired more than 11,000 air traffic controllers for participation in an illegal strike and banned the Federal Aviation Administration ("the FAA" or "the defendant")[1] from rehiring them. This case deals with the FAA's implementation of President Clinton's August 12, 1993 directive to repeal this historic ban. The plaintiffs are certified professional air traffic controllers whom the FAA fired in 1981 and then rehired pursuant to President Clinton's directive. The plaintiffs argue that the FAA's decision to rehire all fired controllers at the GS-9 pay grade level violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

This matter is currently before the court on the defendant's motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, for summary judgment, and on the plaintiffs' cross-motion for additions to the administrative record. The defendant argues that the statute of limita-

tions bars the plaintiffs claim. For the reasons that follow, the court grants the defendant's motion to dismiss, determining that the court lacks subject-matter jurisdiction, and denies as moot the plaintiffs' cross-motion.

### II. BACKGROUND

In 1981, President Reagan banned from FAA employment all air traffic controllers who were members of the Professional Air Traffic Controllers Organization ("PATCO") and who were found to have participated in a labor strike. Compl. at 18. Twelve years later, on August 12, 1993, President Clinton issued a directive that rescinded the ban. Id. at 18. The FAA subsequently published Recruitment Notice 93-01, offering to rehire the controllers at the GS-2152-9 ("GS-9") pay grade level. A.R. at 14-16 (press releases regarding the recruitment notice), 26 (Recruitment Notice 93-01).[2] According to the plaintiffs, the FAA re-hired them, beginning in January 1995, at the GS-9 level, despite the fact that many of the controllers had pay grades higher than GS 9 when the FAA dismissed them in 1981. Id. at 20.

On March 8, 2001, the plaintiffs filed a complaint alleging that the defendant acted arbitrarily, capriciously, and contrary to FAA policy by hiring the reinstated controllers at the GS-9 level. Id. at 20. The defendant moves to dismiss for lack of subject-matter jurisdiction or, in the alternative, for summary judgment. Def.'s Mot. to Dismiss or for Summ. J. ("Def.'s Mot. to Dismiss") at 1. The defendant ar-

---

1. The plaintiffs assert that they properly amended their complaint to add the Department of Transportation ("DOT") as a defendant. Pls.' Opp'n and Cross-Motion for Additions to the Amin. R. ("Pls.'s Opp'n") at 2. Though the plaintiffs' motion to add parties demonstrates an intent to add a defendant, the First Amended Complaint neither lists nor

describes the DOT as a defendant. Pls. Mot. to Add Pls. and Def.; First Am. Compl. ("Compl.") at 16 (case caption) & ¶ 3 (description of parties).

2. Though the recruitment notice is not dated, it lists an opening date of September 1, 1993. A.R. at 26.

gues that the issuance of the recruitment notice in 1993 is the final agency action that triggered the six-year statute of limitations for the plaintiffs' claim and that as a result, the statute of limitations expired in 1999. Def.'s Mot. to Dismiss at 15. In contrast, the plaintiffs contend that the actual rehiring at the GS–9 level, which began in 1995, constitutes the administrative action that triggered the statute of limitations. Pls.' Opp'n at 2. The plaintiffs also move to supplement the administrative record. *Id.* at 1. Because the statute of limitations bars the plaintiffs' claim, the court grants the defendant's motion to dismiss for lack of subject-matter jurisdiction. Consequently, the court has no jurisdiction to address the defendant's motion for summary judgment or the plaintiffs' cross-motion.

### III. ANALYSIS

### A. Legal Standard for a Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *Dist. of Columbia Ret. Bd. v. United States,* 657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all of the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *E.g., Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990).

Moreover, the court need not limit itself to the allegations of the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction over the case. *Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992).

### B. The Court Grants the Defendant's Motion to Dismiss Because the Statute of Limitations Bars the Plaintiffs' Claim

The plaintiffs address the statute of limitations issue by discussing both when an agency action is final, and when an action is ripe for review. After considering both approaches to this statute of limitations issue, the court concludes that the plaintiffs' claim accrued and became ripe in 1993 when the FAA issued the Recruitment Notice. *Impro Prods., Inc., v. Block,* 722 F.2d 845, 850 (D.C.Cir.1983). Thus, the six-year statute of limitations bars the plaintiffs' claim.

### 1. The 1993 Recruitment Notice Is a Final Agency Action Pursuant to the APA

A plaintiffs must bring an APA claim within six years after the claim first accrues. 28 U.S.C. § 2401; *Impro Prods.,* 722 F.2d at 850. Pursuant to the APA, a cause of action first accrues when a plaintiff may challenge a final agency action in court. 5 U.S.C. § 704; *Barrick Goldstrike Mines, Inc. v. Browner,* 215 F.3d 45, 48 (D.C.Cir.2000). An agency action includes "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Furthermore, an agency rule "means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy ... of an

agency and includes the approval or *prescription for the future of rates, [or] wages ....*" 5 U.S.C. § 551(4) (emphasis added).

 The D.C. Circuit has defined two conditions that an agency action must meet to be final: "First, the action must mark the 'consummation' of the agency's decision-making process ... [and] second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'"[3] *Barrick Goldstrike Mines*, 215 F.3d at 48 (citations omitted). Furthermore, the D.C. Circuit has explained that an agency action that merely reiterates or affirms an earlier agency decision and does not affect the rights or alter the status quo of the complaining party is not considered a "final agency action," and, as such, does not trigger the statute of limitations under the APA. *Impro Prods.*, 722 F.2d at 850; *Kennecott Utah Copper v. Dep't of Interior*, 88 F.3d 1191, 1213 (D.C.Cir.1996). For example, in *Impro Products*, the court held that a letter, published by the U.S. Department of Agriculture ("USDA") in response to an inquiry from Impro, that *affirmed* the Department's earlier action—a decision to disseminate test results by publishing them in a journal—did not constitute a "final agency action." *Impro Prods.*, 722 F.2d at 850. Rather, the earlier decision to publish the results was the final action. *Id.*

 In the present case, the Recruitment Notice issued by the defendant constitutes the final agency action that triggered the statute of limitations period.

A.R. at 26–28; *Barrick Goldstrike Mines*, 215 F.3d at 48; 5 U.S.C. § 551(4). The Notice reads in relevant part:

SERIES/GRADE/SALARY: GS–2152–09 ($27,789 $31,123 per annum). Salary will be within the above range, based on the applicant's previous Federal pay rate and agency pay-setting guidelines. AREA OF CONSIDERATION: Reinstatement and transfer eligible applicants who were separated from the Federal Aviation Administration as a result of the Professional Air Traffic Control Organization (PATCO) job action of 1981.

A.R. at 26. The Notice interprets the rehiring policy directed by the President,[4] demonstrates the FAA's decision to rehire the former controllers at the GS–9 salary level, and implements this final decision. *Id.* at 1, 26–28. Consequently, the Notice constitutes a final agency action. 5 U.S.C. § 551(4); *Barrick Goldstrike Mines*, 215 F.3d at 48.

The plaintiffs argue that the act of rehiring the plaintiffs represents the accrual of the final agency action. Pls.' Opp'n at 6. To the contrary, the separate action of rehiring controllers at the GS–9 level constitutes only an affirmation of this policy similar to the affirmation in *Impro Products*. *Impro Prods.*, 722 F.2d at 850. Just as the USDA's letter affirming an earlier final action did not create a new final action in *Impro Products*, the FAA's implementation of its policy by hiring the plaintiffs does not create a new agency

---

**3.** When an administrative remedy is mandatory, a cause of action does not accrue until the party has exhausted all administrative remedies. *Spannaus v. Dep't of Justice*, 824 F.2d 52, 57 (D.C.Cir.1987). The plaintiffs argue that no administrative remedies were available to the plaintiffs, while the defendant argues that such remedies were available and the plaintiffs failed to exhaust them. Pls.' Opp'n at 7; Def.'s Mot. to Dismiss at 19.

Because the court lacks subject-matter jurisdiction over this case, it does not reach the administrative remedy issue.

**4.** President Clinton's memorandum of August 12, 1993 does not mention pay grades. A.R. at 1. It only states that the formerly banned air traffic controllers "will be eligible to apply for employment with the FAA." *Id.*

action. *Id.* The 1993 Recruitment Notice was an offer of employment at GS–9. Pls.' Opp'n at 6. The hiring of the plaintiffs merely represents agency officials carrying out the offer set forth in the 1993 Notice. When or whether the plaintiffs were rehired is irrelevant to this agency review action, because the plaintiffs are challenging the FAA's 1993 decision to rehire them at GS–9 and not the FAA's specific decision to rehire each individual. In sum, the plaintiffs' argument that their action accrued at the time of the rehiring fails, the statute of limitations bars their claim, and, thus, the court lacks jurisdiction over this case. *Barrick Goldstrike Mines,* 215 F.3d at 48.

### 2. The Plaintiffs' Claims Became Ripe when the FAA Issued the 1993 Recruitment Notice

■ Though the plaintiffs concede that the 1993 Recruitment Notice was an *offer* of employment, the plaintiffs argue that their claim became ripe for judicial review only once they actually were rehired by the FAA. Pls.' Opp'n at 6 (citing *Abbott Labs. v. Gardner,* 387 U.S. 136, 152, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *abrogated by Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). In *Abbott Laboratories,* which the plaintiffs rely on,[5] the Court actually held that an APA challenge to a policy issued by the Commissioner of Food and Drugs was ripe for adjudication because the policy "purport[ed] to give an authoritative interpretation of a statutory provision," even though the Commissioner had not yet enforced the policy. *Id.* Likewise, in another case that the plaintiffs cite, the First Circuit recently relied in part on this ruling in *Abbott Laboratories* and concluded that an FAA notice that interpreted a regulation

regarding pilot and crew rest periods and promised enforcement of the regulation was ripe for review at the time the notice was issued, rather than at a point when the FAA actually enforced the regulation, because its directive was clear. *Aviators for Safe and Fairer Regulation, Inc. v. Fed. Aviation Admin.,* 221 F.3d 222, 225–26 (1st Cir.2000). Accordingly, to determine whether an agency action is ripe for judicial review, courts must consider whether the agency frames a rule or order in clear terms or in "terms so general that only its application to specific facts (usually in an enforcement proceeding) would permit the court to make a reasoned judgment." *Id.* at 226.

■ In the present case, the ruling framed in Recruitment Notice, that the FAA would rehire PATCO controllers at the GS–9 level, presents terms specific enough that a court could have made a reasoned judgment about the ruling had the plaintiffs challenged the policy before the FAA actually rehired any controllers. *Id.* at 225–26; A.R. at 26. Like the rest period notice in *Aviators,* the Recruitment Notice is a final action, and therefore ripe, once issued, not once implemented or enforced. *Id.* Therefore, the plaintiffs' claim became ripe when the FAA published the 1993 Recruitment Notice.

In conclusion, because the FAA issued the Recruitment Notice in 1993, the statute of limitations expired six years later, in 1999. A.R. at 14–16, 26; 28 U.S.C. § 2401. The plaintiffs did not commence this action until March 8, 2001. Thus, the court lacks subject-matter jurisdiction over the plaintiffs' claim and dismisses this action. *Dist. of Columbia Ret. Bd.,* 657 F.Supp. at 431.

---

**5.** The plaintiffs and defendants rely on many the same cases but interpret the cases differ- ently.

## IV. CONCLUSION

For all these reasons, the court grants the defendant's motion to dismiss and denies as moot the plaintiffs' cross-motion for additions to the administrative record. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this ___ day of August 2002.

### ORDER

GRANTING THE DEFENDANT'S MOTION TO DISMISS; DENYING AS MOOT THE PLAINTIFFS' CROSS-MOTION FOR ADDITIONS TO THE ADMINISTRATIVE RECORD

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this ___ day of August 2002, it is

**ORDERED** that the defendant's motion to dismiss is **GRANTED,** and it is

**FURTHER ORDERED** that the plaintiffs' cross-motion for additions to the administrative record is **DENIED as moot.**

**SO ORDERED.**