UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

AGORA, INCORPORATED; THE DAILY
RECKONING, LLC; DAN DENNING,
            *Plaintiffs-Appellants,*

            v.                                    No. 02-1202

COMMODITY FUTURES TRADING
COMMISSION,
            *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-01-1625-A)

Argued: September 24, 2002

Decided: October 21, 2002

Before LUTTIG and TRAXLER, Circuit Judges, and
Norman K. MOON, United States District Judge
for the Western District of Virginia,
sitting by designation.

Dismissed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Matthew Joseph Turner, Office of General Counsel,
AGORA, INC., Baltimore, Maryland, for Appellants. William S.
Liebman, Assistant General Counsel, Office of General Counsel,

COMMODITY FUTURES TRADING COMMISSION, Washington, D.C., for Appellee. **ON BRIEF:** Patrick J. McCarty, General Counsel, Kirk Manhardt, Deputy General Counsel, Office of General Counsel, COMMODITY FUTURES TRADING COMMISSION, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellant Agora, a publisher of financial information, offers its subscribers newsletters, which provide information on securities and commodities markets and recommend investment strategies. These newsletters only offer general advice and information and are not personalized for individual subscribers.

Appellee, the Commodity Futures Trading Commission (CFTC), implements and enforces the Commodities Exchange Act, and, at issue here, its provisions regarding Commodity Trading Advisors. In an investigation of Agora's subscriber solicitations, the CFTC issued roughly 20 subpoenas to Agora and deposed several Agora employees. Agora initiated this action as a response to the investigation, arguing that the CFTC did not have valid jurisdiction to investigate it and that the statutory regime under which the CFTC proceeded was constitutionally invalid.

The CFTC challenged Agora's complaint via dismissal motion, and the district court held that the entirety of the action was not ripe for adjudication under *Abbott Laboratories* v. *Gardner*, 387 U.S. 136 (1967), *abrogated on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977), which requires a two-prong inquiry into whether the issue is fit for judicial review and whether the withholding of review will cause hardship.

Prior to oral argument before this court on Agora's appeal from the decision below, the CFTC's counsel attempted to inform Agora that the investigation that gave rise to the case had been terminated. While it is not entirely clear to the court, it appears that the substance of that update may not have been received by Agora. In any event, the CFTC's counsel represented during argument before us that all Agora-related investigations have been concluded, and that the CFTC has no present intention to prosecute or investigate Agora. In light of the cessation of the complained-about investigation, the case is moot, and we now dismiss the action.

Faced with the CFTC's concession that it had terminated all the underlying investigations, Agora argued that it still felt a First Amendment chill in its ongoing publishing activities. However, Agora, upon invitation by the court, was unwilling or unable to distinguish between its as-applied challenges to the CFTC's jurisdiction and its facial challenges to the statutory regime. In light of this position, we assume Agora's claims all stem from the complained-about investigation, and hold that the entirety of the action is moot following that investigation's termination.

Should the CFTC proceed in any manner against Agora in the future, there will be ample time for judicial review of claims that the CFTC is operating beyond its jurisdiction. And should it appear in the future that the CFTC's *modus operandi* is to investigate, and then to end investigations prior to resolution of underlying constitutional claims made by aggrieved investigative subjects, there might be a threat, sufficient to fulfill the Article III injury requirement, that would justify review of the CFTC's investigative practices even in the absence of an ongoing investigation.

Because there is presently no controversy between the parties to which the judicial power extends, the case is dismissed as moot.

*DISMISSED*