**AMERICAN WILD HORSE PRES-
ERVATION CAMPAIGN, et
al., Plaintiffs,**

v.

**Kenneth L. SALAZAR, Secretary of
the Department of the Interior,
et al., Defendants.**

Civil Action No. 11–02222 (BAH)

United States District Court,
District of Columbia.

Signed September 11, 2012

William Stewart Eubanks, II, Katherine A. Meyer, Meyer Glitzenstein & Crystal, Washington, DC, for Plaintiffs.

Joseph Thomas Mathews, Andrea Gelatt, U.S. Department of Justice, Washington, DC, for Defendants.

### ORDER

BERYL A. HOWELL, District Judge

This case concerns a challenge by non-profit groups and individual citizens of two administrative decisions made by the Interior Department's Bureau of Land Management ("BLM") in 2008 ("2008 Ely Resource Management Plan") and 2011 ("2011 Pancake Complex Gather Decision"). Complaint. ("Compl."), ECF No. 1, ¶¶ 76–104; Pls.' Response to Federal Defs.' Mot. for Voluntary Remand, ECF No. 31 ("Pls.' Response"), at 1. The plaintiffs allege that these administrative decisions violate the Wild Free–Roaming Horses and Burros Act ("WHA"), 16 U.S.C. §§ 1331–1340, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370f, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–706, and BLM's own regulations. Compl. ¶¶ 1–2, 76–104.[1]

After the plaintiffs filed a Motion for Summary Judgment, ECF No. 18, the defendants filed an Expedited Motion to Strike Extra–Record Evidence, ECF No. 19, seeking to exclude the plaintiffs' reference to and admission of four declarations from horse experts ("expert declarations"). The Court denied the defendants' motion, *see* Memorandum Opinion and Order, ECF No. 26, and concluded that the expert declarations should have been considered as part of the Administrative Record when BLM made the 2011 Pancake Complex Gather Decision. *Am. Wild Horse Preservation Campaign v. Salazar*, 859 F.Supp.2d 33, 42–43 (D.D.C.2012). The Court also denied the defendants leave to file evidence responsive to the expert declarations, noting that "[i]f the Defendants would like to consider and respond to the Expert Declarations as part of the [Administrative Record], BLM should seek a remand of its Pancake Complex Decision for reconsideration in light of the Expert Declarations." *Id.* at 47. Following the Court's denial of the Motion to Strike, the parties sought a stay of the case. *See* Consent Motion for Stay of Briefing, ECF No. 28. They then filed the Defendants' Motion for Voluntary Remand of the Pancake Complex Gather Decision ("Defs.' Mot. for Remand"). *See* ECF No. 29. That motion is now pending before the Court. For the reasons explained below, the Court will grant in part and deny in part the defendants' motion.

### I. Motion for Voluntary Remand

As noted, in the instant motion, the defendants seek a voluntary remand of the 2011 Pancake Complex Gather Decision. They do so "[i]n order to consider the declarations from specialists regarding proposed gathers involving gelding in the Little Colorado and White Mountain Herd Management Areas (HMAs) in Wyoming." Defs.' Mot. for Remand at 1 ("Defendants ... move for a voluntary remand of the

---

1. The Court incorporates by reference the factual and procedural background set forth in *Am. Wild Horse Preservation Campaign v. Salazar,* 859 F.Supp.2d 33, 34–37 (D.D.C.2012).

2011 Pancake Complex wild horse gather decision...."). The plaintiffs "generally consent to the relief requested" by the defendants. Pls.' Response at 2 ("Plaintiffs agree that a voluntary remand is the appropriate mechanism for Defendants to reconsider the Pancake Complex Gather Decision...."); Defs.' Mot. for Remand at 1.

The parties also agree that the Court should retain jurisdiction over this matter as a whole while the 2011 Pancake Complex Gather Decision is remanded to BLM. *See* Defs.' Mot. for Remand at 4; Pls.' Response at 2. The plaintiffs indicate that a reconsideration of the 2011 Pancake Complex Gather Decision will not directly implicate the plaintiffs' challenge to the 2008 Ely Resource Management Plan. *See* Pls.' Response at 2. Therefore, the plaintiffs suggest deferring summary judgment briefing on the 2008 Ely Resource Management Plan claim until BLM reconsiders the 2011 Pancake Complex Gather Decision. *Id.* at 2–3.[2] The plaintiffs argue that concurrent briefing is in the interests of "efficiency and economy." *Id.* at 3.

The parties differ in their positions on the instant motion slightly with respect to the timing of the stay they request. While the defendants request that the Court temporarily stay proceedings until June 20, 2014 "or until the parties resume litigation," Defs.' Mot. for Remand at 4, and that the case be "dismissed in its entirety" if the parties have not resumed litigation before June 20, 2014, *see* Defs.' Proposed Order, ECF No. 29–1, at 2, the plaintiffs request that the Court not dismiss the case until June 20, 2015 if the parties have not resumed litigation by then. Pls.' Response at 3. The plaintiffs also request that the Court order that BLM take no "management action" regarding any new Pancake Complex Gather Decision until at least 180 days after issuance of the decision. *Id.*

## II. Discussion

The Court will grant in part and deny in part the defendants' motion.

First, the Court will grant the defendants' request for a voluntary remand. As the Supreme Court has explained, "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). Thus, "[a]n agency's motion to remand for reconsideration of its own decision is usually granted." *Edward W. Sparrow Hosp. Ass'n v. Sebelius*, 796 F.Supp.2d 104, 107 (D.D.C. 2011); *see also Carpenters Indus. Council v. Salazar*, 734 F.Supp.2d 126, 134 (D.D.C. 2010) (noting that "[v]oluntary remand will also preserve this Court's scarce judicial resources by providing the federal defendants[ ] the opportunity to 'cure their own mistakes.' ") (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C.Cir. 1993)).

In this case, BLM has not yet considered four expert declarations that the Court has ruled were properly part of the Administrative Record in this case. *See*

---

**2.** The plaintiffs' Motion for Summary Judgment is not fully briefed. The Motion for Summary Judgment, ECF No. 18, was filed on March 16, 2012, but briefing was stayed in the case pending resolution of the Defendants' Motion to Strike. *See* Minute Order (Apr. 3, 2012). The stay of the briefing schedule was extended following the Court's decision to deny the Defendants' Motion to Strike. *See* Minute Order (May 30, 2012).

*Am. Wild Horse Preservation Campaign,* 859 F.Supp.2d at 35. Accordingly, with the consent of all parties, the Court will grant the voluntary remand of the 2011 Pancake Complex Gather Decision to BLM for reconsideration.

 Second, while both parties argue that this Court should retain jurisdiction of this case as a whole during the pendency of BLM's reconsideration, the Court disagrees. Since BLM will reconsider its 2011 Pancake Complex Gather Decision, the plaintiffs' claims with respect to that decision are no longer ripe for review. "The ripeness doctrine is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Astrazeneca Pharms. LP v. FDA,* 850 F.Supp.2d 230, 242 (D.D.C.2012) (citation and quotation marks omitted). "In determining whether administrative action is ripe for review, the district court must begin with a presumption of reviewability and then evaluate the fitness of the issues for judicial decision and the hardship to the parties of withholding the court consideration." *Id.; see also Am. Petroleum Inst. v. EPA,* 683 F.3d 382, 387 (D.C.Cir.2012) (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)).

 The Court concludes that the 2011 Pancake Complex Gather Decision is not fit for judicial review because BLM has sought a voluntary remand of the decision. "The fitness requirement is primarily meant to protect the agency's interest in crystallizing its policy before that policy is subjected to judicial review and the court's interests in avoiding unnecessary adjudication and in deciding issues in a concrete setting." *Am. Petroleum Inst.,* 683 F.3d at 387 (citation and quotation marks omitted). "Courts decline to review 'tentative' agency positions because doing so 'severely compromises the interests' the ripeness doctrine protects...." *Id.* (citation omitted). Since the defendants acknowledge that BLM did not consider the expert declarations that were the subject of its earlier Motion to Strike, ECF No. 19 at 4, and voluntarily seeks to reconsider its decision in light of those expert declarations, there is no agency decision for the Court to consider at this time. Moreover, neither the Court nor the parties have any way of knowing what the agency will decide when it reconsiders its 2011 Pancake Complex Gather Decision in light of the expert declarations. Therefore, since the plaintiffs' claim with respect to the 2011 decision " 'rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all,' it is not presently fit for judicial review." *Astrazeneca Pharms. LP,* 850 F.Supp.2d at 243 (quoting *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)).

Nor will there be any hardship to the parties by delaying Court review until after BLM has the opportunity to reconsider its earlier decision in light of the expert declarations. *See, e.g., Wheaton Coll. v. Sebelius,* 887 F.Supp.2d 102, 113 (D.D.C. 2012) (finding no hardship to the parties in dismissing challenged regulations, which should not be reviewed until they "have taken on fixed and final shape so that [the Court] can see what legal issues it is deciding.") (citation omitted); *Belmont Abbey Coll. v. Sebelius,* 878 F.Supp.2d 25, 40–41 (D.D.C.2012) (citation omitted). "[T]o the extent that Plaintiffs may claim hardship in being required to bring more than one

legal challenge, the Court has not considered this kind of litigation cost saving sufficient by itself to justify review in a case that would otherwise be unripe." *Finca Santa Elena, Inc. v. U.S. Army Corps of Eng'rs,* 873 F.Supp.2d 363, 371(D.D.C.2012) (citation and quotation marks omitted). The Court will thus dismiss the plaintiffs' Complaint with respect to the 2011 Pancake Complex Gather Decision.[3] The plaintiffs may refile their claim if necessary after BLM reconsiders the 2011 Pancake Complex Gather Decision.[4]

While the Court will dismiss the plaintiffs' claim with respect to the 2011 Pancake Complex Gather Decision, it will retain jurisdiction over the plaintiffs' claims with respect to the 2008 Ely Resource Management Plan. *See* Compl. ¶¶ 79, 81–86, 9798, 102. The plaintiffs have assured the Court that their claim regarding the 2008 Ely Resource Management Plan will "not be impacted in any way by Defendants' reconsideration of the Pancake Complex Gather Decision." Pls.' Response at 2. While the plaintiffs suggest, "for efficiency and economy," *id.* at 3, deferring summary judgment briefing at this time until BLM reconsiders its 2011 Pancake Complex Gather Decision, the Court finds that it is in the interest of efficiency and economy to expeditiously resolve the plaintiffs' claim with respect to the 2008

administrative decision without any further delay.

Accordingly, it is hereby

**ORDERED** that the Defendants' Motion for Voluntary Remand of the Pancake Complex Gather Decision, ECF No. 29, is GRANTED IN PART AND DENIED IN PART, and the 2011 Pancake Complex Gather Decision is remanded to BLM for reconsideration in light of the expert declarations; it is further

**ORDERED** that the parties submit, by September 24, 2012, a joint proposed schedule for the briefing of the plaintiffs' claims regarding the 2008 Ely Resource Management Plan.

**SO ORDERED.**

---

3. The Court notes that agencies cannot "stave off judicial review of a challenged rule simply by initiating a new proposed rulemaking that would amend the rule in a significant way. If that were true, a savvy agency could perpetually dodge review." *Amer. Petroleum Inst.,* 683 F.3d at 388. In this case, the agency is not staving off judicial review, but has sought a voluntary remand for a discrete reason, to reconsider the 2011 Pancake Complex Gather Decision in light of the expert declarations. The Court declines to hold this entire case in abeyance for the requested two to three years

when BLM may well reissue the Pancake Complex Gather Decision in a way that makes moot any of the plaintiffs' concerns about the defendants' 2011 decision.

4. Since the Court will dismiss the plaintiffs' claims with respect to the 2011 Pancake Complex Gather Decision, the Court will not grant the plaintiffs' request that the Court order that BLM take no "management action" regarding any new Pancake Complex Gather Decision until at least 180 days after issuance of the Pancake Complex Gather Decision. *See* Pls.' Response at 3.