# In the United States Court of Federal Claims

No. 13-49 C
(Filed: April 22, 2013)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RICHARD LEE PAIVA,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER[1]

Plaintiff, Richard Lee Paiva, is a prisoner within the Rhode Island Department of Corrections. He filed his complaint here on January 18, 2013. In it he challenges a Social Security Administration ("SSA") decision to suspend his benefits. SSA recently informed plaintiff that it cannot pay him until he is released from prison, citing the No Social Security Benefits for Prisoners Act of 2009, Pub. L. No. 111-115, 123 Stat. 3029 (2009) (hereinafter "the Act"). Plaintiff asserts that before the Act took effect, SSA determined that it owed him benefits, and it made a payment. He contends the Act therefore does not apply to him. Before the court is defendant's motion to dismiss for lack of jurisdiction.[2]

---

[1] The facts are drawn from the complaint and plaintiff's motion to amend the complaint.

[2] After defendant filed its motion, plaintiff filed a motion to amend the complaint. The proposed changes do not invoke the court's jurisdiction. The plaintiff's motion to dismiss is denied as moot.

Defendant correctly notes that only United States district courts have jurisdiction to review claims for Social Security benefits. *See* 42 U.S.C. § 405(g), (h) (2006). The Tucker Act grants the Court of Federal Claims jurisdiction to hear claims against the United States for money, 28 U.S.C. 1491(a)(1) (2006), but the court "has no jurisdiction under the Tucker Act over claims to social security benefits." *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (internal citation omitted). We therefore do not have jurisdiction over plaintiff's complaint.

Nor will we transfer the complaint. A transferee court, in this case the district court, must have jurisdiction for that to be appropriate. *See* 28 U.S.C. § 1631. Although district courts have subject matter jurisdiction over these types of claims, jurisdiction only attaches under limited circumstances not alleged here. The claimant either must obtain a final decision from SSA, *see* 42 U.S.C. 405(g),[3] file a mandamus petition, *see* 28 U.S.C. § 1361, or assert a constitutional violation, *see Califano v. Sanders*, 430 U.S. 99, 109 (1977).[4]

The court also notes that transfer would appear to be futile in any event. In *Fowlkes v. Thomas*, 667 F.3d 270 (2d Cir. 2012), a prisoner appealed the denial of his post-judgment motion. The prisoner, who became entitled to benefits before the Act took effect, had requested an order that would force SSA to pay him. *Id.* at 270-71. The court of appeals held that SSA could not make "any payment to an incarcerated individual." *Id.* at 271. Those prisoners are "covered by the Act, regardless of when the underlying obligation to pay the individual arose." *Id.*

Accordingly, defendant's motion to dismiss is granted. The plaintiff's motion to dismiss is denied as moot. The Clerk of Court is directed to dismiss

---

[3] A court may grant a waiver of the final decision requirement. *See Weinberger v. Salfi*, 422 U.S. 749, 766-67 (1975). That waiver must be granted by the district court.

[4] Plaintiff states that he has no administrative remedy with SSA because the agency only suspended his benefits rather than made a formal decision that denied them. The regulations provide, however, that "[n]onpayment of your benefits . . . because of your confinement in a jail, prison, or correctional facility," 20 C.F.R. § 404.902(t) (2012), is an "[i]nitial determination . . . subject to administrative and judicial review." *Id.* § 404.902.

the complaint for lack of jurisdiction and enter judgment for defendant.  No costs.

_____
ERIC G. BRUGGINK,
Judge